HENDRICK VS JOHNSON.

*Of evidence in actions for obstructing one in the use
of a mill.*

1. One sued as a tort feasor, for damages for a private nuisance, cannot defend on the ground, that he has injured plaintiff in the enjoyment of a right which he had no authority to exercise.
2. Thus in an action on the case against one for obstructing plaintiff in the use of a mill, evidence is not admissible to show, that proceedings are pending between plaintiff and defendant, in the County Court, on an application to establish a mill; and that the defendant made the first application to the County Court for a writ of *ad quod damnum.*

On a writ of error to the Circuit Court of Dallas county.

Barnard Johnson declared in two counts, against William Hendrick, in the action of trespass on the case, to recover damages for a nuisance.

The declaration stated, that the plaintiff, being in the lawful possession of a certain saw mill, situated upon a stream, the right to the current of which he also possessed, the defendant theretofore, to wit, on the first of February, eighteen hundred and thirty-four, wrongfully and maliciously did build, erect and set up, upon and across said creek, a certain dam, whereby the water in said creek was obstructed, and hindered from flowing from said mill of the plaintiff; and the said mill was hin-

HENDRICK *vs* JOHNSON.

dered in its operations, and became wholly useless to the plaintiff.

The defendant to this declaration demurred, generally, which being overruled, he plead the general issue; and verdict and judgment were entered for the plaintiff.

In the progress of the trial, the Court below was requested, by the defendant, to charge the jury, that if there was no evidence of a prescriptive right in the plaintiff, in and to the use of the mill; and if the same were not established by prescriptive right, or by the statutes of this State, then the jury could find no damages for any injury done the plaintiff's mill. Which the Court refused.

The defendant then offered to read in evidence on the trial, the judgment and records, by authenticated copies thereof, of the County Court, establishing defendant's mills, after the plaintiff's mill had been erected. He also proposed showing by the testimony of the clerk of the said County Court, that the defendant was the first applicant, and first obtained a writ of *ad quod damnum*, to establish his mills.

This evidence the Court refused to permit to go to the jury, and on motion of the defendant, sealed a bill of exceptions in the cause.

Argued by *Gayle* for the plaintiff in error,—*J. B. Clark*, contra.

GOLDTHWAITE, J.—This is an action on the case for obstructing Johnson, (the plaintiff below,) in the use and enjoyment of a mill, owned by him,

and situate in Dallas county. The obstruction complained of, was caused by damming up the stream on which Johnson's mill was placed, and forcing the water back on the wheels and machinery.

The action was commenced on the first of April, eighteen hundred and thirty-four, and tried on an issue formed on the plea of not guilty, at the Spring term, eighteen hundred and thirty-five, of the Circuit Court of Dallas county, when a verdict was found, and judgment rendered for Johnson.

On the trial, Hendrick (the defendant below,) offered in evidence the record of certain proceedings had in the County Court of that county, on his application for a writ of *ad quod damnum*. This record shows that Hendrick applied to the County Court for leave to erect a mill and dam, and on the twenty-second of November, eighteen hundred and thirty-three, a writ of *ad quod damnum* was issued, under which an inquisition was made by a jury, on the twenty-ninth of the same month, which ascertained that by the making of the dam, as contemplated by Hendrick, the water of the stream would be forced back, and raised on Johnson's dam, more than one foot, and proceeded to assess his damages by reason of the same, at nine hundred dollars. The writ and inquisition were returned to the February term, eighteen hundred thirty-four, of the County Court, when Hendrick appeared and applied for a summons to issue to Johnson, to shew cause, &c. under the statute.—(See title Mills and Millers—Aikin Dig. 324.)

On the return of the process awarded, Johnson appeared and contested the right claimed by Hen-

drick, and at February term, eighteen hundred and thirty-five, a judgment was rendered by the County Court, by which it was determined that on the payment to Johnson by Hendrick, of nine hundred dollars, so assessed by the jury, under the writ of *ad quod damnum*, he should have leave to erect a mill or mills, and to build a dam across the stream on which Johnson's mill was placed, which dam might be made nine feet seven inches high. From the judgment, each party prayed an appeal to the Circuit Court, which was granted, and is presumed to have been pending when the trial was had below.

The evidence thus offered, was not admitted— Hendrick then offered to shew by the records of the County Court, and the evidence of its clerk,. that he was the first applicant for any writ of *ad quod damnum*, and that he had first obtained this writ.

This also the Court refused to admit. And these refusals to permit the evidence thus offered, to go to the jury, are now assigned as error.

It is not easy to perceive what influence these proceedings could have had on the trial of this cause, as it is certain that a perfect right could not be acquired by Hendrick, until the judgment of the Court was had on his writ of *ad quod damnum*; and no judgment was rendered on the same, until long after the institution of this suit. Indeed if he had have obtained permission to erect a dam, prior to the commencement of the suit, no right could have accrued to him, under the judgment, before he had paid to Johnson the damages awarded to him, as the payment is a condition annexed to the grant

of right, which must be complied with, before the right is complete. This question has been thus decided on a similar statute in Kentucky.*

*3 Marsh 37.

Whether Johnson had obtained the permission to erect a dam across the water course, does not appear, neither is it stated that he had a prescriptive right, if indeed such a right could be had; but this inquiry is perhaps immaterial, for however the law may be, as to the right of any person to erect a dam, without the leave of the County Court, on an inquisition, ascertaining that the erection would create no nuisance,—we are clear that a *tort feasor* cannot object in an answer to a suit for damages, caused by a nuisance, that he has only injured and obstructed the plaintiff in the enjoyment of a right which he had no authority to exercise. If the defence in this case had been the abatement of Johnson's dam, as a public nuisance, the inquiry would properly arise; but in the present action, we are clear that it was wholly immaterial for the jury to consider, whether Johnson had erected his mill, with or without authority. The only question raised by the issue was, whether the plaintiff had been injured by an illegal act of the defendant, and this having been decided, and this Court being of opinion there is no error in the action of the Court below, the judgment is affirmed.

HOPKINS, C. J. not sitting.