## THE STATE V. SCHUESSLER.

1. In a criminal case, where the charge requested may have been entirely immaterial, and its propriety is not shown by the evidence disclosed, it will be presumed to have been properly refused. In such cases error must be affirmatively shown, and it will not be presumed.

THE prisonor was indicted at the fall term, 1841, of the Circuit Court of Montgomery county, for the murder of one James Glover, and convicted of manslaughter.

At the trial, certain evidence was introduced, conducing to prove that the prisoner assaulted and stabbed the deceased, by which he came to his death. Evidence was also introduced in behalf of the prisoner, conducing to prove that he fought in his own defence. On this evidence, the counsel for the prisoner moved the Court to charge the jury, that if the deceased first assaulted the prisoner, that he was not bound to retreat, but might repel force with force; and if the prisoner in his defence, was in danger of receiving great bodily harm, although he might save himself by flight, yet he was not bound to fly, but may kill the assailant in his own defence, to prevent this bodily harm.

This charge the Court refused to give, but reserved the question of law arising on it, for the decision of the Supreme Court; the counsel for the prisoner considering it as novel and difficult.

WILLIAMS, for the prisoner, insisted that the charge requested, was improperly refused, because it is inconsistent with the true spirit of liberty, that one citizen should, under any circumstances, be required to retreat from another when assaulted; the more especially when the assault is so violent as to endanger life, or when there is danger of great bodily harm.

THE ATTORNEY GENERAL, contra, insisted that no such question was here reserved. No evidence is stated from which the prisoner was authorised to call for such witnesses, and it is proper to infer that the Court, for this reason, refused.

GOLDTHWAITE, J.—We can find nothing in this case to warrant us in coming to the conclusion that an error was committed when the charge demanded was refused.

The defect of the case is, that it does not disclose the facts in evidence before the jury, and we cannot infer the charge to be erroneous, when it may have been refused because there was no evidence to warrant it.

If it is admitted that the prisoner when assailed, might repel force by force, and that he was not required to retreat or fly before his adversary, this admission does not render him excusable, if he either causelessly or wantonly deprived his adversary of life. The evidence, even when most favorably construed for the prisoner, only shows that he was assaulted by the deceased, but does not show that his life was endangered, or great bodily harm menaced. Neither does it show that the slaying was not wantonly or causelessly done.

A state of facts may have been shown, to which the charge would have been appropriate; or the evidence may have been such as to render the inquiry entirely immaterial, and even absurd.

We cannot presume the fact, and adhering to our well established rule, that error must be affirmatively shown, we feel constrained to affirm the judgment.