## McHENRY *vs.* WELLS, ADM'R, &c.

[ACTION AGAINST ADMINISTRATOR FOR MONEY HAD AND RECEIVED BY HIS INTEST-
ATE IN HIS LIFETIME—PLEA, STATUTE OF NON-CLAIM.]

1. *What constitutes a bar under statute of non-claim prescribed by Code.*—A bar to a claim against an estate cannot be made out, under the statute of non-claim prescribed by the Code (§ 1883), by uniting the time which elapsed before the Code went into effect, with the time which elapsed after that event.

2. *What constitutes a bar under statute of* 1850.—Under the act of 1850, (Pamphlet Acts 1849-50, p. 68,) a claim against an estate was barred. by the failure to present it to the personal representative, or to file it in the office of the probate judge, not within eighteen months from the grant of letters testamentary or of administration, but within eighteen months after the publication of notice by the executor or administrator.

APPEAL from the Circuit Court of Shelby.

Tried before the Hon. E. W. PETTUS.

The facts of the case are stated in the opinion of the court.

D. W. BAINE, for the appellant.

JOHN T. MORGAN, *contra.*

RICE, C. J.—This suit was commenced in July, 1854, by the appellant, to recover of the appellee, as administrator of Barnabas McHenry, deceased, one hundred and fifty dollars, alleged to have been collected and received by said Barnabas in his lifetime, from one Willis A. Morgan, for the appellant.

On the trial, there was some evidence tending to prove that, on the 16th November, 1850, the said Barnabas received of the appellant a note on said Morgan and others, for one hundred dollars, due 25th December, 1850, for which note the said Barnabas promised to be accountable to the appellant; that said Barnabas collected said note, and afterwards died; that eighteen months from the time letters of administration were granted on his estate, did not expire until the 17th day of April, 1853; and that on the 10th June, 1853, the appellant demanded the note of the appellee, who was unable to find it among the papers of his intestate, and who failed to account for it.

The court charged the jury, that "if they believed from the evidence that the claim had not been presented to the administrator, nor filed in the probate judge's office, within eighteen months from the time letters of administration were granted, then the claim sued upon would be barred by the statute of non-claim, and they must find for the defendant." To this charge the appellant excepted, and, duly reserving the same by bill of exceptions, took a nonsuit.

Section 1883 of the Code is in the following words: "All claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary or of administration; and, if not presented within that time, are forever barred."

But the Code did not go into effect until the 17th January, 1853,—*fifteen months after letters of administration were granted to the appellee.* The provisions of the section above quoted are not retro-active. Their field of operation is the future. A bar to the claim sued on in this case cannot be made out *under that section,* by uniting the time which elapsed before the Code went into effect, with the time which elapsed after that event. If the claim was presented before that event, or within eighteen months afterwards, it is not barred *by that section.* Where letters of administration were granted several months before the Code went into operation, no bar to a claim against an estate can arise, *under section* 1883 *of the Code,* out of the mere fact that it "had not been presented to the administrator, nor filed in the probate judge's office, within eighteen months *from the time letters of administration were granted.*"—Rawls v. Kennedy, 23 Ala. Rep. 240; Henry v. Thorpe, 14 Ala. Rep. 103.

We thus come to the conclusion, that the charge of the court is not authorized by the provisions of the Code; and we now proceed to show that it was not authorized by the law as it existed when the Code went into operation.

The first section of the act of 5th February, 1850, (Pamph. Acts of 1849-50, p. 68,) contains the following provisions, to-wit: "That if any executor, or administrator, shall fail *to give notice, as now required by law,* requiring all persons having claims against the estate of his testator or intestate to present

the same within the time limited by law, a recovery on such claims shall *not be barred by a failure to present the same within the time limited by law,* but the same may be presented *within eighteen months from the time of giving such notice* by such executor or administrator," &c.

This act certainly was of force from the 5th February, 1850, until the Code went into effect. Whether it continued of force afterwards, for the purpose of completing a bar to claims against estates, upon which it had begun to operate before the Code went into effect, we need not now decide. See Rawls v. Kennedy, *supra.* For, however that may be, it is clear that, under its provisions, the right was secured to the creditor of an estate to present his claim within eighteen months *from the time of giving the notice provided for by that act;* and that the charge of the court, in effect, denied this right, which evidently was in existence for at least fifteen months after the letters of administration were granted to the appellee. Where the notice contemplated by that act was not given, the mere failure to present the claim would not, by virtue of that act, constitute a bar.

The charge of the court below is erroneous; and therefore its judgment is reversed, the nonsuit set aside, and the cause remanded.