## STEIN *vs.* ASHBY.

[CASE FOR DIVERSION OF WATER FROM MILL.]*

1. *Conclusiveness of judicial decisions.*—An opinion of the supreme court is the law of the case in which it is pronounced, when brought up on a second appeal.

2. *Survey and boundaries of public lands.*—The case of Stein v. Ashby, 24 Ala. 521, re-affirmed as to the principles stated in the seventh and eighth head-notes, respecting the subdivision of a fractional section, and the contents of a patent for such subdivision.

3. *Specific objection to charge.*—When a party excepts to a charge on a single specified ground, the appellate court will confine him to the objection specifically stated.

4. *When abstract charge will not reverse.*—A charge which is abstract, but unobjectionable in other respects, is no ground for a reversal of the judgment, when the record clearly shows that it could not have injured the appellant.

5. *What defense may be set up under general issue.*—Under the plea of not guilty, to an action on the case for diverting water from a mill, the defense cannot be set up, that plaintiff has no right to mill privileges, because he owned the lands on but one side of the stream, and failed to institute proceedings for a condemnation of the land on the opposite side.

6. *Plea must go as far as it professes.*—A plea *puis darrein continuance*, professing to be "in bar of the action," but answering only a part of the declaration, is demurrable.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by George W. Ashby against Albert Stein, to recover damages for the defendant's diversion of the water of Bayou Chataque, or Three-mile creek, to the injury of plaintiff's mill privileges. The case was before this court, on writ of error, at its January term, 1854, and the report of it may be found in 24 Ala. 521. The material facts, as now presented, will be readily understood from the opinion of the court, in connection with the former report.

R. H. SMITH, and F. S. BLOUNT, for appellant.

H. F. DRUMMOND, contra.

RICE, C. J.—The law as declared in this case when it was formerly here, is the law of it now.—Stein v. Ashby, 24 Ala. 521 ; Kimball, adm'r of Jones, v. Miller, 29 Ala. 174.

The plaintiff then claimed, as he now claims, under a patent dated 1st March, 1850, for subdivision north of Chataque, (or Three-mile creek,) of the south-east quarter of section twelve, township four, south, in range two, west. The defendant insisted then, as he does now, that the title to the land bordering on the north side of the creek was in the city of Mobile; and to support that position he then relied, as he now does, on a patent from the United States to the city, dated 20th March, 1834, for the south-east subdivision B of fractional section twelve, in township four, south, range two, west. This court then decided, that "the plaintiff was entitled to all the land in the quarter-section north of the creek."

It is again insisted by the plaintiff in error, as was done when the case was here at the former term, that the division of the quarter-section, as made by the surveyor-general, is void, as being in contravention of the acts of congress in relation to the survey of the public lands; and that the patent, calling for a subdivision thus made, is illegal and void. We are constrained, however, to

hold the law laid down in the former opinion of this court as decisive of this question, and not now open for revision.

It being thus settled that the title to the land in dispute is in the plaintiff; and the bill of exceptions expressly stating, that "the proof tended to show a diversion of water by Stein, to the injury of the mill privileges of the plaintiff, provided *plaintiff's land* or possession extended to the creek as it actually runs, or, if it run down into section 13 as shown in diagram D, provided *his title* or possession extended to the creek where it actually runs so far as its bed lies in section 12;" it is clear that the first and third charges were fully as favorable to the defendant as they should have been, and that he could not have been injured by them.

He excepted to the second charge, "on the ground that it was abstract; insisting that there was no evidence tending to show the actual possession by plaintiff of the land on *or near* the creek within the disputed territory." He was not under any obligation to confine his exception to that charge to the single ground specified by him ; but, as he elected to do so, the court will confine him to that ground, and hold that he has waived all other grounds. Creagh v. Savage, 9 Ala. 959 ; Morrison v. Wright, 7 Porter, 67. Conceding the charge to be abstract, but unobjectionable in all other respects, the defendant is not entitled to a reversal, because, under the former decision of this court in this case, and the evidence in the present record, it is plain that no injury to him could have resulted from the fact that the charge was abstract. It is settled, that an abstract charge, from which it is clear no injury results to the party excepting to it, furnishes no ground for reversal of the judgment.—The State v. Shuessler, 3 Ala. 419 ; Partridge v. Forsyth, 29 Ala. 200.

Although such is the law, as to an abstract charge actually given ; yet it is settled, that the court is never bound to give an abstract charge. The refusal to give such charge is not erroneous. The only issue to be tried by the jury in this case, was the one joined upon the plea of not guilty. Under that issue, and the evidence set

forth in this record, it was wholly immaterial for the jury to consider, whether the plaintiff, owning land on only one side of the stream, had sued out a writ of *ad quod damnum*, and condemned any land on the opposite side of the creek, or not. The defendant does not appear to be entitled to have that question tried in this case, and there was no error in refusing the charge asked by him. Hendrick v. Johnson, 5 Porter, 208.

The plea *puis darrein continuance* professes to be "*in bar of this action;*" but it certainly is not a bar as to the damages sustained by the plaintiff from the wrongful diversion of the water from the creek, *prior to the commencement of this suit, and* prior to the issue of the writ of *ad quod damnum* mentioned in the plea. There was no error in sustaining the demurrer to that plea, for it professes to answer the *whole* declaration; and if it be good at all, it is only an answer *as to part* of the declaration.—Deshler v. Hodges, 3 Ala. 509; Bryan v. Wilson, 27 Ala. 208.

We do not notice the other pleas, to which it is said a demurrer was sustained, further than to say, that if a demurrer was sustained to them, the former decision in this case was, that there was no error in that respect.

We find nothing which entitles the defendant to a reversal; and the judgment of the court below is affirmed.