## RUSSELL vs. ERWIN'S ADM'R.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *What title will authorize recovery.*—In a real action in the nature of an ejectment, (Code §§ 2209–19,) a recovery may be had on proof of prior possession by plaintiff, under color of title, unless he is barred by the statute of limitations, or unless the defendant shows a better title. A possession under color of title, within the meaning of this principle, is necessarily held with claim of right; and the defendant would show a better title, by proving an outstanding valid title in a third person, or a prior possession by himself under color of title, which he had not abandoned, and which he was not estopped from asserting against the plaintiff.

2. *Abstract charge.*—An abstract charge, which asserts a correct legal proposition, is not a reversible error, unless the appellate court is reasonably convinced that it must have misled the jury.

3. *Estoppel against tenant from denying landlord's title.*—A tenant is estopped from denying his landlord's title, without first surrendering the possession under the tenancy; and the estoppel equally applies to his wife, living with him, and occupying simply as his wife under the tenancy, and to any third person who holds under him or his wife.

4. *What creates relation of landlord and tenant; estoppel en pais.*—If land is given, by parol, to an infant, and his mother enters into the possession under an agreement with the grantor to hold it for the infant, the technical relation of landlord and tenant is not thereby created

between the infant and his mother; yet the mother is estopped from denying the infant's title, on the same principle which applies be-tween landlord and tenant.

5. *Attornment to stranger; adverse possession.*—An attornment by a tenant to a stranger, who claims to own the land, although it may be inef-fectual to create the relation of landlord and tenant between them, because of an estoppel against the tenant in favor of the landlord under whom he entered, nevertheless destroys the adverse character of his possession as against such claimant.

6. *Amendment of complaint.*—The complaint may be amended, (Code, § 2254,) after the evidence is closed, by correcting a misdescription of the land sued for.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by F. G. Kimball, as the ad-ministrator *de bonis non, cum testamento annexo*, of Isaac H. Erwin, deceased, against James W. Russell, Ellen Thompson, and Theodore Petit, to recover the possession of several city lots in Mobile, with damages for their de-tention. The defendant Russell was admitted by the court to defend as landlord, and pleaded the general issue, with a suggestion of adverse possession for more than three years, and the erection of valuable improvements. After the evidence was closed, the court allowed the plaintiff, against the objection of the defendant, to amend his com-plaint, by correcting a mistake in the description of the premises sued for; to which ruling the defendant reserved an exception.

The plaintiff claimed the premises under a deed of par-tition, executed by Jacob Baptiste and others, dated the 28th December, 1838, by which the lots, with others, were conveyed to his testator, Isaac H. Erwin, deceased; and he adduced evidence tending to prove that Erwin, by his tenants, had possession under the deed. The defendant Russell was the son of his co-defendant, Mrs. Ellen Thomp-son, by a former husband; and the plaintiff's evidence tended to show that Mrs. Thompson and her husband, Ed-ward J. Thompson, accepted a lease of the premises, in 1849, from Mrs. Rebecca Erwin, the widow and adminis-

tratrix of said Isaac H. Erwin, deceased, and paid rent to her. The defendant read in evidence a deed for the prem-ises from Wm. J. Morrison to himself, dated the 19th April, 1856 ; and adduced evidence showing that the title was in Morrison at the time said deed was executed. He also introduced one McBride as a witness, who testified to a parol gift of the land by said Morrison to him in 1838 or 1839, (he being then an infant ;) that Morrison, at the time of said gift, put Mrs. Russell, defendant's mother, in possession of the land, and "told her to hold it for her son"; that Mrs. Russell agreed to do so, and continued in posses-sion until some time during the year 1856, renting out a portion of the premises, erecting fences, &c. Numerous exceptions were reserved by the defendant to the rulings of the court on questions of evidence, but the decision of this court renders it unnecessary to notice them.

"The court charged the jury, among other things, that although the plaintiff had not connected his title with the United States, still, if they believed from the evidence that Erwin, and his legal representatives in his right, had been in possession of the land in controversy, prior to bringing this suit, under a deed, claiming title, and that it was so held by them for a number of years, or for any consider-able time, then plaintiff could sustain the action without showing that his title was connected with the United States : that prior possession, under color of title, would authorize the plaintiff to recover, unless the defendant has shown a better title, or unless the plaintiff is barred by the statute of limitations.; that if Thompson held possession of the land in controversy under the lease to him intro-duced in evidence, and if Mrs. Thompson was his wife, and lived with him whilst he so held possession, then, if, whilst the possession was so held by Thompson and his wife, the defendant Russell went into possession under either of them, he would be estopped, until he should surrender the possession, from setting up a title to the land, as against the landlord of Thompson, or the person standing in the place of such landlord ; that although they might believe,

Russell v. Erwin's Adm'r.

from the evidence, that the land in controversy was given by Morrison to the defendant in 1837 or 1838, before Erwin acquired the title or possession, and that Morrison put Ellen Russell in the possession of said land, claiming at the time to be the owner of it, and under an agreement with her to hold it for her son, and that she did take possession pursuant to said agreement, and that the defendant was at that time a minor,—this did not constitute the relation of landlord and tenant between the son and the mother, so as to make the son the landlord, and the mother his tenant; and that if she afterwards held possession under Erwin, or under Erwin's executor or administrator, such possession would be the possession of Erwin, or of his executor or administrator, as against both the mother and her son."

The defendant excepted to "each and every part of this charge," and then requested the court to instruct the jury, "1st, that if they believed, from the evidence, that Morrison put Ellen Russell (afterwards Thompson) in possession of the land, to hold for the defendant, her son, who was then an infant, and that she agreed to do so, and took possession under said request, then, by this contract, she became the tenant of her son; and that if she, while so holding, afterwards attorned to Erwin, or Erwin's administrator, or any one else, this, of itself, did not destroy or affect the defendant's possession." The court refused to give this charge, and the defendant excepted to its refusal.

The several rulings of the court to which exceptions were reserved, are now assigned as error.

W. BOYLES, with R. H. SMITH, for appellant.
JNO. T. TAYLOR, and JNO. HALL, contra.

A. J. WALKER, C. J.—The first proposition of the charge given by the court, of which the appellant complains, is, that prior possession, under color of title, would authorize the plaintiff to recover, unless the defendant had shown a better title, or unless the plaintiff was barred by the statute of limitations. It is unnecessary to

go at all into the general subject of possession as a ground of recovery in ejectment. It is sufficient in this case, that the authorities are such as to leave no room for doubt that the proposition stated by the court is correct; and we need not decide any thing as to the necessity of color of title to constitute prior possession a ground of recovery in this case.—*Smith v. Lorillard*, 10 Johns. 347 ; *McCall v. Pryor*, 17 Ala. 533 ; *Cox v. Davis*, ib. 744 ; *Badger v. Lyon*, 7 Ala. 564 ; *Heydenfeldt v. Mitchell*, 6 Ala. 7 ; *Smoot & Nicholson v. Lecatt*, 1 St. 590.

The appellant objects to the proposition of the charge, that it allowed a recovery by the plaintiff upon a possession not held under claim of title ; and that it precluded a defense upon the ground of an outstanding valid title in a third person, or of an older possession than the plaintiffs. It is a sufficient answer to these objections, that the charge is not in fact obnoxious to them. It is not liable to the former objection, because it requires that plaintiff's possession should have been under color of title ; and there could not be possession under color of title, unless the possession was held with claim of right. A possession under color of title is with a claim of right by virtue of the colorable title.—Angell on Lim. §§ 404, 405. The latter objection to the charge is obviated by its subordination of the plaintiff's right of recovery to the showing of a better title by the defendant. If the defendant had proved an outstanding valid title in a third person, or prior possession under claim of right in himself, which he had not abandoned without the *animus revertendi*, and which was unaffected by an estoppel, he would have shown a better title than the plaintiff's, and, under the charge, would have been entitled to the verdict. The charge would, as the appellant contends, have allowed a recovery by the plaintiff upon prior possession, notwithstanding the defendant's subsequent possession was under color of title ; but in this there is no fault. The plaintiff's older possession, at least where, as in the case put by the charge, it was under color of title, must be preferred to a junior possession under color of title.

[2–3.] Another portion of the affirmative charge which is now pointed out as objectionable, is as follows: "If Thompson held possession of the land in controversy under the lease to him introduced in evidence, and if Mrs. Thompson was his wife, and lived with him whilst he so held possession, then, if whilst the possession was so held by Thompson and his wife, the defendant (Russell) went into possession under either of them, he would be estopped, until he should surrender the possession, from setting up a title as against the landlord of Thompson, or the person standing in the place of such landlord."

The first objection made to this portion of the charge is, that it is abstract. The bill of exceptions professes to set out all the evidence, except as to the value of rents and improvements. Upon looking carefully through the evidence, we can find no testimony tending to show that the defendant, Russell, ever held the land under either Thompson or his wife. It is, therefore, impossible to avoid the conclusion, that the charge is abstract. It is, however, a doctrine established in this court, that the abstractness of a charge, asserting a correct proposition of law, is not a reversible error, unless we are reasonably convinced that it must have misled the jury.—*Partridge v. Forsythe*, 29 Ala. 200; *Stein v. Ashby*, 30 Ala. 363; *Taylor v. Morrison*, 26 Ala. 728; *Johnson v. Boyles*, ib. 576; *Salmons v. Roundtree*, 24 ib. 458; *Towns v. Riddle*, 2 Ala. 694; *Hughes v. Parker*, 1 Porter, 139.

It is possibly true, that a husband might, in some conceivable case, be affected by an estoppel in favor of his landlord, which would not operate against his wife living with him; but this could never be the case, if the wife was in possession simply as a wife, living with her husband, who was the tenant. We understand the expression of the charge, "if whilst the possession was *so* held by Thompson and his wife," when construed in reference to the preceding part of the sentence, to mean, "if whilst the possession was held by Thompson as a tenant, and his wife as a wife living with her husband." Thus understood, it is

clear that the proposition of the charge is correct. The tenant, and his wife living with him, and possessing under the tenancy, and any person holding under either of them, would be estopped from denying the landlord's title, without a surrender of the possession under the tenancy.— *Pope v. Harkins*, 16 Ala. 321 ; *Shelton v. Eslava*, 6 Ala. 230; *Cook v. Cook*, 28 Ala. 660 ; *Doe v. Reynolds*, 27 Ala. 364; *Smith v. Mundy*, 18 Ala. 182 ; 1 Smith's Leading Cases, 657.

We are not reasonably convinced that the jury were misled by the charge, and we will not reverse because it is abstract. The counsel for the appellant argue as if the charge asserted that, upon its hypothesis, the defendant would be estopped from asserting his title in this case. The charge makes no such assertion. It says simply, that there would be an estoppel as to the landlord, or one standing in the place of such landlord.

[4.] The next objection is to that part of the charge, which declares, that if a third person made a parol gift of the land to the defendant, then an infant, and his mother, entered upon the land under an agreement with such third person to hold it for her son, the relation of landlord and tenant between the mother and son would not be created. The technical relation of landlord and tenant would not result from such an agreement.—Taylor's Landlord and Tenant, 9, § 14; Smith's Landlord and Tenant, 4. It was, therefore, not a reversible error, for the court to say that such a relation did not grow out of the facts stated. The court, however, went on to instruct the jury, that if the mother afterwards held possession under Erwin, it would be the possession of Erwin, both as to the mother and as to the defendant. Notwithstanding the technical relation of landlord and tenant would not grow out of the entry of the mother under the agreement to hold for her son, she would be estopped from denying the son's title. The mother, thus entering under the title of the son, and under an agreement to hold for the son, could not in violation of good faith, to the prejudice of her son, set up an antago-

nistic title; and she would be estopped, upon the same principle on which the tenant is estopped.—2 Smith's Leading Cases, top page, 611, marg. 458. The court erred, therefore, in charging that the possession of the mother, entering, in such a manner, would be the possession of Erwin, because she held under Erwin. Certainly the possession of the mother could not be Erwin's possession as against the defendant. We think the court ought to have given the first charge asked by the counsel.

[5.] If Thompson and his wife attorned to Erwin, or to his representatives, the possession would not be adverse to them. Such an acknowledgment of the title, although it may have been ineffectual, in consequence of an estoppel in favor of the defendant, to create the relation of landlord and tenant, would take from the possession its adverse character. A possession can not be the basis of a bar under the statute of limitations, unless it is in fact adverse.

[6.] The court committed no error in allowing the amendments which were made.—Code, § 2254.

The questions of evidence presented in the bill of exceptions may not again arise in the same form, and we will not swell this opinion by noticing them; nor do we think it is necessary to notice the refusals to charge, further than we have already done.

Reversed and remanded.