# Beavers, Adm'r, &c. v. Hardie & Co.

## Breach of Contract.

1, *The statutes of amendment are liberally construed.*—The statutes in regard to amendments of pleadings have been very liberally construed by this court. Amendments which do not change the form of action, the entire cause of action, or the parties to the action, may be allowed at any stage of the proceeding, so as to secure a trial on the merits.

[Beavers, Adm'r, &c., v. Hardie & Co.]

2. *An amendment supported by no evidence may be refused.*—But it is not error to refuse an amendment to which a demurrer would be sustained; or an amendment offered after the evidence of the plaintiff had closed, an d which was supported by no testimony.

3. *A general exception is defective, unless all the charges are illegal.*—When a number of charges are given or refused, and only one exception to the action of the court is reserved, such exception will avail nothing unless all the charges excepted to are erroneous.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. GEORGE H. CRAIG.

This suit was commenced at the fall term, 1854, of the Circuit Court of Talladega county, by Graham Beavers, against John T. Hardie & Co., for an alleged breach of contract. The plaintiff having died, Major W. Beavers was appointed his administrator, and the cause was prosecuted by him. The facts are contained in the opinion.

JOHN T. HEFLIN, for appellant.—1. The charge asked by the plaintiff should have been given.—*Smart v. Sanders*, 54 Eng. Com. L. Rep's 379; S, C. 57 Eng. Com. L. Rep's 894, 916. If contemporaneous with the advances or liabilities, there are orders given by the consignor which are assented to by the factor, that the goods shall not be sold before a fixed time, in such case the consignment is presumed to be received, subject to such order; and the factor is not permitted to sell the goods to reimburse his advances until that time has elapsed.—14 Pet. 479.

2. The first charge, given at the request of the defendant, required the jury to ascertain whether or not a contract was made, and if so, whether it was such a contract as is contained in the complaint. It directs the attention of the jury to a selected portion of the facts, instead of to all the evidence in the case, Charge numbered three is subject to the same objection, and charge four is an invasion of the province of the jury.

3. The court erred in assuming that, if a sale was made on a particular day in the absence of a special contract, and no instruction had been given not to sell on that day, the jury could not find for the plaintiff.—7 Ala. 335; Story on Agency, § 333.

4. The court erred in refusing to allow the plaintiff to amend his complaint, because the amendment was necessary to adapt the pleading to the different phases of the evidence. 25 Ala. 320.

L. E. PARSONS, G. W. PARSONS and TAUL BRADFORD, for

[Beavers, Adm'r, &c., v. Hardie & Co.]

appellees.—1. The amendment which the court refused to allow, had already at that term of the court been allowed in substance and legal effect. The amendments, except the words : " and extend the same sixty days without charge for commissions for excepting the renewed bills of exchange," were identical in language. The amendment allowed contains every averment contained in the one refused (the one above set out), and this averment adds no strength to the count.

2. The appellant argues that the first charge restricts the jury to the evidence of the appellant in determining whether there was a contract, and if so, whether it was such as is set up in any count of the complaint. The charge expressly instructs the jury that they may look to the testimony of the appellant for those two purposes, " among others." It is insisted that it does not instruct the jury to look to no other evidence in determining those two questions, neither does it instruct them to look to it for those purposes only.

3. Charge numbered four says the appellant invades the province of the jury, because it assumes there is a conflict in the testimony. The charge does not assert there is a conflict, but instructs the jury they " must look to all the evidence to determine the several questions submitted " to them. But if it did assume there is a conflict, the appellant was not injured. For the record shows there is not only a conflict between the appellant's and appellees' witnesses, but between the witnesses of the appellant.

4. Here, then, is the question naked and salient. Can a consignor of cotton to be sold on commission, who has received advances nearly covering the value of the cotton, and those advances had assumed the shape of matured bills of exchange, accepted by the factor, require of him, before the sale of cotton, a request to be placed in funds ? In this case such a request was no part of the contract. How then differs this case from *Brown v. McGraw*, 14 Peters, 479, and *Field v. Farrington*, 10 Wallace, 147 ? In them it was decided, when there is no agreement, and advances have been made, the duty of the factor is bounded by discretion exercised in good faith.

STONE, J.—The present action was commenced in 1854, and, for some cause not explained, was not tried until 1877. The original complaint contains five counts. A sixth was added, date not given. At the term of the trial—Spring, 1877—a seventh count was filed by leave of the court, which,

it is supposed, was founded on the testimony of the witness Thomason. After the plaintiff had submitted his testimony to the jury, he asked leave to file an additional count, which the court refused to allow, and he excepted.

Our statutes in regard to amendment of pleadings have been very liberally construed by this court.—See Code of 1876, § 3155 *et seq.*; ib. 3006; *Russell v. Erwin*, 38 Ala. 44. With very limited exceptions—entire change of parties, change of form of action, or entire change of cause of action—amendments are allowed at any stage of the proceeding, so as to secure a trial on the merits. But certain rules must be observed, and certain limits should not be transcended. It is not error to refuse an amendment to which a demurrer would be sustained. And, pending the trial, an amendment should not be allowed, which is not necessary to secure justice between the parties. After the plaintiff has closed his testimony, he should not be allowed, by amendment, to present a cause of action which he has no testimony to support.

The count offered, number eight, like count seven, is manifestly based on Thomason's testimony, and is very slightly variant from count seven. The agreement and breach which are averred in the offered count are as follows: "That the cotton should be held ninety days on the advance, and that said Graham H. Beavers would be permitted to renew the bills of exchange, and extend the sum sixty days, without charge for commissions for accepting the renewed bills of exchange, which were to bear eight per cent. interest; the cotton so shipped to defendants was to be held that long, unless it could be sold for ten cents per pound, or was sold upon the written instructions of the said Graham H. Beavers. The said Graham H. Beavers shipped to the defendants the cotton then owned by him and the cotton purchased by him with money obtained from said defendants aforesaid, to be sold by said defendants at ten cents per pound, on the instructions of the said Graham H. Beavers; the said defendants afterwards, to-wit, on the —— day of April, 1854, sold said cotton at seven and one-fourth cents per pound, without instructions from the said Graham H. Beavers." The seventh count avers the agreement to be "that the cotton should be held ninety days on the advance, and that the said Graham H. Beavers would be permitted to renew the bills of exchange, which were to bear eight per cent. interest. The cotton so shipped was to be held that long, unless," &c. The differences in the counts are two: The seventh count charges that, Beavers was to have the privilege of renewal after the ninety

days, but does not state how long. Hence, there is no par-
ticular time after the ninety days, which that count avers the
defendants agreed to hold the cotton, unless they realized ten
cents a pound, or were instructed by Beavers to sell. The
eighth count charges an agreement to hold sixty days beyond
the ninety, making one hundred and fifty days, unless they
sold for ten cents, or under instructions from Beavers. The
second difference in the two counts is, that the seventh makes
no allusion to the terms on which the renewed bills were to
be accepted, while the eighth charges they were to be
accepted without commissions. The testimony of the witness
Thomason, if it outweighs the other testimony, tends to
prove the truth of the averments, as set forth in the disal-
lowed count. And the question arises, was the averment
found in that count, and not found in the seventh, material?
Was the variance between Thomason's testimony and the
averments of the seventh count, of such character as to im-
pair plaintiff's right to recover on that testimony, and under
that count? Thomason's testimony stands unsupported in
the precise averments contained in these counts. A table,
shown in the evidence, proves that cotton had risen a half
cent in the pound on 3rd May. The table extends no farther.
One witness for plaintiff testified that cotton rose during the
spring of 1854 to ten cents a pound. There is no testimony
of its value or price afterwards. The seventh count charges
an agreement to hold the cotton for ninety days, with
certain conditions. The agreement was made March 3rd.
Ninety days would bring June 1st. The spring expired
with the month of May, and there was no testimony tending
to show any rise in the price after that time, or injury to
plaintiff, caused by not holding the cotton beyond that time.
Under the seventh count, the plaintiff, if the agreement to
hold was found by the jury, could have recovered all damage
he had suffered by a sale before the first day of June. There
was, then, no testimony given or offered, tending to show
plaintiff could have recovered anything under the disallowed
eighth count, which he could not equally recover under the
seventh count. It is not error to refuse an amendment
offered pending the trial, when there is nothing to show the
party offering it was injured by the refusal. To hold other-
wise might lead to great delay and abuse. Whether there
was an agreement to hold the cotton and renew the bills for
sixty days after the expiration of the ninety, did not affect
the admissibility of Thomason's testimony, and we hold that
the court did not err in refusing to allow the amendment.

[Gay v. Burgess et al.]

The second charge asked by plaintiff, and refused by the court, supposes, as one of its constituents, a fact of which there is no testimony in the record. Its language is, "the defendants were not authorized to sell the cotton for less than ten cents per pound after the maturity of the advancements made by the defendants on the cotton," &c. There is not only no testimony that the cotton was sold *after* the maturity of the advancements, but the uncontradicted testimony is, that the sale was made *before* the maturity of the advancements. This rendered the charge abstract, and justified its refusal, even if in all other respects it asserted correct legal propositions.—1 Brick. Dig. 338, § 41; *State v. Schuessler*, 3 Ala. 419.

To the giving of the five charges asked by defendants, there was one single exception reserved. Under all our rulings, such exception avails nothing, unless all the charges thus excepted to are bad.—1 Brick. Dig. 248, § 87; *McGehee v. The State*, 52 Ala. 224. Charge four is unquestionably free from error, and we think charge five correctly declares the law.—*Brown & Co. v. McGraw*, 14 Pet. 479. We need not consider the other charges.

There is no error in the record, and the judgment of the Circuit Court is affirmed.