# McKenzie *v.* Gibson.

*Action for Penalty provided by Section 1587 of the Code.*

1. *Penalty provided by section 1587 of the Code; how recovered.*—Under the statute providing that the owner of lands, not inclosed by a lawful fence, is liable to the owner of trespassing cattle, if he kills or injures them, for five times the amount of the injury thereby sustained, the statutory penalty can not be recovered in an action of trespass, but only in an action founded on the statute, in the nature of an action of debt.

2. *Same; trespass can not be joined with count on the statute.*—In an action for the recovery of such penalty, commenced before a justice of the peace, a complaint having been filed in the justice's court, declaring on the statute, on appeal to the circuit court, a count in trespass *vi et armis* can not be joined or substituted.

APPEAL from Macon Circuit Court.

Tried before Hon. JAMES E. COBB.

This action was commenced before a justice of the peace, and was brought by McKenzie and others against Gibson, to recover, as shown by the complaint filed before the justice of the peace, the penalty provided by section 1587 of the Code of 1876, for killing a hog, the plaintiff's property. The cause having been taken by appeal to the circuit court, the plaintiffs there filed a complaint, containing two counts, the first declaring in trespass, and the second on the statute. On motion of the defendant, the first count was stricken out, and the

[Singleton, Hunt & Co. v. Thomas.]

plaintiffs excepted. There was a judgment on verdict for the defendant, from which the plaintiffs appealed.

The ruling above noted is here assigned as error.

W. C. BREWER and R. H. ABERCROMBIE, for appellant.

J. A. BILBRO, contra.

STONE, J.—We find no error in the record. The complaint filed before the justice claims a penalty under section 1587 of the Code of 1876. The statute provides no special remedy for the penalty therein denounced. The penal part of the demand can not be recovered in an action of trespass. The suit must be on the statute, and is in its nature an action of debt. A count in trespass vi et armis can not be joined with such complaint, nor can it, on appeal, be substituted for it. It changes the form of the action, which is not allowable. Jean v. Sandiford, 39 Ala. 317; Crimm v. Crawford, 29 Ala. 623; Beavers v. Hardie, 59 Ala. 570; 1 Brick. Dig. 526, §§ 19, 20.

Affirmed.