(81 South. 849)
JOHNSON et al. v. BAIN. (8 Div. 617.)

(Court of Appeals of Alabama. April 15, 1919.)

1. EXECUTORS AND ADMINISTRATORS ⊕225(2) — CLAIMS AGAINST ESTATE — RUNNING OF STATUTE.

Code 1907, §§ 2589, 2590, prescribing time for filing claims against estate of decedent, begins to run from date of appointment of personal representative, regardless of when representative gives notice of his appointment as required by section 2586.

2. EXECUTORS AND ADMINISTRATORS ⊕226— NOTICE BY PERSONAL REPRESENTATIVE — PENALTY FOR FAILURE TO GIVE.

The penalty provided by Code 1907, § 2588, for failure of personal representative to give notice of his appointment, whereby creditor sustains loss by inability to file claim in time, may be recovered in action of debt, maintainable only in a court of law.

3. EXECUTORS AND ADMINISTRATORS ⊕226— NOTICE BY PERSONAL REPRESENTATIVE — PENALTY FOR FAILURE TO GIVE.

The penalty provided by Code 1907, § 2588, for failure of personal representative to give notice of his appointment, whereby creditor sustains loss by inability to file claim in time, is not grounded on absence of knowledge of cred-

itor, though that fact may be shown as a defense.

4. EXECUTORS AND ADMINISTRATORS ⊕226— NOTICE BY PERSONAL REPRESENTATIVE — PENALTY FOR FAILURE TO GIVE.

Complaint by creditor to recover penalty provided by Code 1907, § 2588, for failure to give notice of his appointment, whereby claim against estate is filed too late, need not negative knowledge of grant of letters.

5. EXECUTORS AND ADMINISTRATORS ⊕226— NOTICE OF RECOVERY OF PENALTY EVIDENCE —GRANT OF LETTERS.

In action to recover penalty for failure of personal representative to give notice of grant of letters, whereby plaintiff lost his claim by expiration of time for filing (Code 1907, § 2588), evidence held to sustain finding that plaintiff had no knowledge of the grant of letters in time to have filed his claim.

6. APPEAL AND ERROR ⊕1011(1)—REVIEW— FINDING.

A finding of fact by court in conflicting evidence will not be disturbed on appeal.

7. EXECUTORS AND ADMINISTRATORS ⊕226— NOTICE OF GRANT OF LETTERS—PENALTY— AMOUNT OF RECOVERY.

In action to recover penalty for failure of personal representative to give notice of grant of letters whereby plaintiff lost his claim by expiration of time for filing (Code 1907, § 2588), plaintiff, under evidence showing that all creditors except himself had knowledge of grant of letters, and that they did not file their claims until too late, held entitled to the full value of his claim.

8. APPEAL AND ERROR ⊕907(5)—PRESUMPTIONS—ABSENCE OF EVIDENCE—LIMITATION.

Contention that account was barred by limitations cannot be decided, where bill of exceptions does not contain books of account offered in evidence, since it would be presumed that the absent evidence sustained the conclusion reached by the trial court.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by W. N. Bain against Curtis Johnson, as administrator of the estate of Pat Bain and the sureties on his bond. Judgment for plaintiff, and defendants appeal. Affirmed.

D. Isbell, of Guntersville, for appellant.
Street & Bradford, of Guntersville, for appellee.

BROWN, P. J. All claims against estates of persons deceased are barred by the statute, "and the payment or allowance thereof prohibited" unless filed within the time prescribed by the statute. Code 1907, §§ 2589, 2590.

[1] Generally the statute begins to run from the date of the appointment of the personal representative, and this is true re-

gardless of whether the personal representative gives notice of his appointment as required by Code, § 2586. Bank v. Plannett, 37 Ala. 222; Cawthorne v. Weisinger, 6 Ala. 714; McHenry v. Wells, 28 Ala. 451; Brannan v. Sherry, 195 Ala. 272, 71 South. 106.

The statute makes it the duty of the executor or administrator, within one month after the grant of letters testamentary or administration, to give notice thereof, "stating the name of the deceased, the day on which letters were granted, by what court, stating the county, and notifying all persons having claims against the estate to present the same within the time allowed by law, or that the same will be barred." Code 1907, § 2586.

Section 2587 prescribes when and how the notice shall be given, and section 2588 penalizes the personal representative and his sureties by making them "liable, on proof that such notice has not been given, to any creditor for the amount which he would have been entitled to out of the assets of the estate, had his claim been duly presented."

[2] The action of debt, maintainable only in a court of law, is the appropriate remedy for the recovery of such penalties. Rogers v. Brooks, 99 Ala. 31, 11 South. 753; McKenzie v. Gibson, 73 Ala. 204; Chandler v. Crawford, 7 Ala. 506; 4 Mayf. Dig. pp. 860, 861.

[3, 4] The visitation of the penalty is not grounded in the statute on the absence of the creditor's knowledge of the grant of letters testamentary or administration; and, while the fact of such knowledge on the part of the creditor within the statutory period may be shown as a matter of defense, it is not an element of the burden of proof prescribed by the statute as requisite to liability of the executor or administrator and his sureties. "He and his sureties are liable on proof that such notice has not been given, to any creditor for the amount which he would have been entitled to out of the assets of the estate, had his claim been duly presented." Code 1907, § 2588. The absence of knowledge on the part of the creditor not constituting an element of the cause of action, an averment in the complaint negativing such knowledge is not essential to the statement of a cause of action. Rogers v. Brooks, 105 Ala. 549, 17 South. 97; 1 Greenl. Ev. § 78, and authorities there cited.

[5, 6] It is admitted that the defendant Johnson failed to give the statutory notice, and the undisputed proof shows that all the creditors of the estate, except the plaintiff, had knowledge of the grant of letters of administration to him within time to have filed their claims, and that they each and all failed to file, and there is no proof that such claims would have been filed if the statutory notice had been given. The question as to whether the plaintiff had knowledge of this fact was one on which the evidence is in sharp conflict; and, under the evidence the trial court was clearly justified in finding that plaintiff had no such knowledge, and that finding will not be reviewed. Mulligan v. State, 15 Ala. App. 204, 72 South. 761; Hackett v. Cash, 196 Ala. 403, 72 South. 52; Finney v. Studebaker Corporation, 196 Ala. 422, 72 South. 54.

[7] The evidence shows that the assets belonging to the estate were worth from $150 to $225, and that no claims were filed against the estate, and the evidence clearly justified the conclusion that, had the plaintiff been given notice of the grant of letters of administration, he would have filed his claim. Under the evidence showing that the other creditors had knowledge that Johnson had sued out letters of administration on the estate, and that these creditors had not filed their claims, it cannot be assumed that they would have filed their claims if notice had been given. Therefore the court was justified in finding that the plaintiff would have realized the full amount of his claim if he had been given notice in time to file it as a claim against the estate.

[8] The appellant's contention that the account, constituting a part of the plaintiff's claim, was barred by the statute of limitations at the time of Bain's death cannot be sustained on the record here, for the reason that the books of account which were offered in evidence were not set out in the bill of exceptions, and in the absence of this evidence the presumption will be indulged that it sustained the conclusion reached by the trial court. Dickey v. State, 15 Ala. App. 135, 72 South. 608.

We find no reversible error in the record, and the judgment of the trial court will be affirmed.

Affirmed.