## ADAMS v. FRAMPTON.

1. When a husband in possession of land under a title bond from his vendor, having paid the purchase money, absconds from the State, and his wife having afterwards obtained the legal title from her husbands vendor, and conveyed the land during coverture, the husband, notwithstanding, may maintain ejectment against his wife's vendee, on his possession, because the deed of the wife is entirely void.

2. A divorce *a vinculo*, obtained by the wife subsequently to the execution of the deed by her to the defendant, has no effect on the suit.

Error to the Circuit Court of Lowndes.

ACTION of trespass *quare clasum fregit* to try title to a certain tract of land described in the declaration. At the trial, on the general issue, a special verdict was returned by the jury, stating their finding of the following facts, viz : That this suit was commenced on 6th March, 1843, by Frampton against Adams. That the land was patented to the defendant, who conveyed it by deed to one William Hardy ; that Hardy sold the land to the plaintiff, and executed to him a bond for titles ; that the plaintiff left the country, leaving the bond for titles, with all his other papers, with his wife, Elizza Frampton ; that Hardy afterwards, on the 26th September, 1833, executed a warranty deed, conveying the land to Mrs. Eliza Frampton, her heirs and assigns forever, with the assent of one Vasser, the agent of the plaintiff ; that this agent wished Mrs. Frampton, who held the bond for titles, to deliver it to Hardy, so that the latter might convey the lands to Vasser, as the agent of the plaintiff, and that Mrs. Framp-

ton refused to do so, unless the conveyance was made to her; that Vasser then consented the deed might be so made, inasmuch as Hardy would not convey the title until he received his bond; that this was the only reason for the consent of Vasser; that when this deed was executed, the plaintiff was absent from the country, having absconded, and that he has not yet returned; that at that time he was the lawful husband of Eliza Frampton; that previous to the execution of the deed to Mrs. Frampton, the plaintiff had paid the purchase money to Hardy; that in the summer of 1832, the plaintiff was in possession of the lands under his purchase from Hardy; that subsequent to the execution of the deed by Hardy to Mrs. Frampton, she was by a decree of the Court of Chancery, divorced *a vinculo*, and this decree was confirmed by an act of the Legislature, in the year 1844; that she intermarried with one Paulding, and they by joint deed on the 14th November, 1840, sold and conveyed to the defendant, who went into possession under this purchase, and claims title under it; that the decree of divorce was rendered since the execution of the deed to the defendant, and since the commencement of this suit; that Paulding and wife, since the passage of the act referred to, have married again; that the lands are worth, by way of rent, six dollars *per ann.;* and that the defendant has been in possession five years.

The court gave judgment for the plaintiff on this verdict, and that is now assigned as error.

THOS. WILLIAMS, for the plaintiff in error, made the following points:

1. In real actions for the recovery of the wife's land, the husband and wife must join. [1 Chit. Plead. 66; 2 Kent's Comm. § 131.]

2. When the deed is to husband and wife, both are seized of the entire estate, and the survivor takes the whole, [2 Kent's Comm. 133;] therefore a deed to the wife alone, must give the whole to her.

3. But conceding the title once in the plaintiff, that must continue at the time of trial. [7 Ala. Rep. 480.] By the divorce *a vinculo*, the right of the husband in the wife's es-

tate ceases from the decree. [1 Fonbl. 311 ; Roper on Wills, 71.]

4. Frampton had no legal title—that which he had was equitable only. The legal title was in Mrs. Frampton, and the defendant claims under her. Legal title will prevail at law over one that is equitable. [8 Term, 2; 5 East, 132; 2 Sch. & Lef. 67.]

G. W. GAYLE, contra, insisted that the merits of the case were within a nut-shell.

1. Because a possessory title is good against one who has none. Frampton had possession, and the deed of his wife, without regard to the question of her title, is void, being executed during coverture. [4 Cruise's Dig. 19.]

2. Even if Hardy's deed vested a title in Mrs. Frampton, the husband can recover in an action in his own name. [16 Pick. 161, 235; Griffith v. Houston, 7 J. J. Marsh. 385.]

GOLDTHWAITE, J.—1. The special verdict states the possession of the plaintiff, in 1832, under an equitable title, and this possession seems to have been continued by the wife, until the period when she executed her deed to the defendant. This deed is entirely void, as the wife had no capacity to contract without her husband's consent. The defendant then, has exhibited no title whatever against that of the plaintiff, and the latter is entitled to recover, if the suit is correctly brought, and is not defeated by the divorce *a vinculo*. [Day v. Alverson, 9 Wend. 223; Whitney v. Wright, 15 Ib. 171; Jackson v. Hubble, 1 Cowan, 613; Jackson v. Miller, 6 Ib. 751; Badger v. Lyon, 7 Ala. Rep. 564; Smoot v. Lecatt, 1 Stewart, 598.]

2. The possession being in the husband previous to the acceptance by the wife of the deed from Hardy, no one coming into possession under the act of the wife, can dispute the right of the husband to regain the possession, unless he connects himself with a better title. The defendant has failed to do this, because of the entire invalidity of the deed by the wife, and therefore it is unnecessary to consider what the title of the wife is, under that deed, as it is clear the husband is not thrown on that to maintain his action.

For the same reason, it is unnecessary to consider what the effect is of the divorce *a vinculo.* Both these questions will be better considered when the husband shall regain his possession, and his former wife assert her title.

Judgment affirmed.