# Stephenson *v.* Reeves.

*Statutory Action in nature of Ejectment.*

1. *Paramount outstanding title.*—In ejectment, or the statutory action in the nature thereof, the defendant may always set up an outstanding paramount title in a third person, unless he is a mere trespasser, or he and the plaintiff claim under the same person.
2. *Official entries by register of land-office as evidence.*—An entry on

[Stephenson v. Reeves.]

the records of a local land-office, certified by the register, in these words, "All of section 5,.township 9, range 17, East, 652.04 acres, selected on by R. W. A. Wilder, agent for State, on account of Ala. & Fla. R. R. Act," with date added and date of subsequent approval, is not such an "official entry" as is made competent evidence by the statute (Code, § 2782), but merely a memorandum made by the register for his own convenience.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN P. HUBBARD.

This is a statutory real action in the nature of ejectment, brought by the appellees, as the heirs of Richard Reeves, deceased, against the appellant, Stephenson, wherein they seek to recover the possession of certain lands specifically described in the complaint. The facts necessary to understand the only question ruled on in the opinion of this court are sufficiently set forth therein, and need not be repeated here.

PARKS & PARKS, for appellant.

GAMBLE, BRICKEN & GAMBLE, contra.

McCLELLAN, J.—It is well settled law that a defendant in ejectment, who is not a mere trespasser on the land sued for, may always set up a paramount title outstanding in a third person, unless the plaintiff and. defendant claim title or whatever right, less than absolute title, they assert and rely on, from a common source.—Pollard v. Cocke, 19 Ala. 188; Gannt v. Cowan, 27 Ala. 582 . Snedecor v. Freeman, 71 Ala. 140; Cooper v. Watson's Admr., 73 Ala. 252; Guilmartin v. Wood, 76 Ala. 204.

We do not understand from this record, that the defendant claims title or any right he now relies on from Richard Reeves, the ancestor of the plaintiffs, whose title they rely upon for a recovery. On the contrary, he claims no title at all in the land, but only that he is in possession under color of title by virtue of a deed from Petty, from whom he purchased, and who was at the time of such purchase in the actual possession of the land under claim of right. He does not undertake to sustain Petty's claim of right, nor even to show whence the latter derived his possession, or the color of title under which he held. He does not affirm that Nancy Reeves, Petty's grantor, as was developed in plaintiff's proof, had any title to, or even the possession of, the land, nor does he maintain, directly or by implication, that Richard Reeves owned the land. His right to assert every claim he has advanced in the cause is the same, whether Petty held under Nancy Reeves, or Richard Reeves, or a stranger to both of them. However

incapable Petty was to vest title in him by the conveyance of 1883, that conveyance, Petty being in possession, claiming to be rightfully in possession, and transmitting that possession to the defendant, carried such color of title with it as raised the latter's possession above the level of a mere trespass, without importing any connection of reliance on his part with the title of Richard Reeves, deceased.—*Miller v. State*, 38 Ala. 600; *Cooper v. Watson, supra*.   The defendant, therefore, not being a mere trespasser, and not claiming title under the ancestor of the plaintiffs, it was open to him to set up in defense of the action a paramount outstanding title.

It remains to be considered whether the defendant adduced any evidence of such outstanding title.   The only evidence offered was a transcript from the records of the land office at Montgomery, certified by the register.   The entry thus certified is in the following language: "All of section 5, township 9 N, range 17, E.   652 and 4–100 acres.   Selected on by R. W. A. Wilder, agent for State, on account of Ala. & Fla. R. R. Act, May 17th, 1856.   Approved Jany. 24th, 18—."   This is manifestly not a certificate, authorized to be given in evidence by section 2782 of the Code; nor have we been advised by counsel, or otherwise, of any act of Congress or regulation of the General Land Office, or the Department of the Interior, requiring such an entry to be made, and thus giving to it the character of an "official entry" within the meaning of said section.

It is, we take it, nothing more than a memorandum of the register, made for his own convenience, and to facilitate the discharge of his duties—an informal statement of the facts of selection and the approval thereof, both of which facts must, in the nature of things, rest on other, more formal, and higher evidence.   The entry, we therefore conclude, was inadmissible, and having been allowed to get before the jury, it was not error for the court to instruct them to disregard it.   An exception to a charge to this effect presents the only point reserved for our consideration.

The judgment of the Circuit Court is affirmed.