# Jernigan *v.* Flowers.

*Statutory Action in nature of Ejectment.*

1. *Relationship of witness to party calling him.*—It is an elementary principle, that the interest of a witness in the result of a suit may be shown, and his relationship to the party calling him.

2. *Conveyance by husband to wife.*—A conveyance of land by a husband to his wife, executed in December, 1881, passed only an equitable title; and the statute since enacted (Code, § 2341) does not vest in her the legal title, as against a person who had acquired an interest in the land prior to its passage.

3. *Judgment in ejectment against husband, as evidence against wife.*—A judgment in ejectment against a man, under which a woman is dispossessed, who claims under him, is admissible as evidence against her in a subsequent suit for the land, when there is some evidence showing that they were husband and wife at the time, that they went on the land together, "and stayed on it two or three years."

4. *Bond for quit-claim conveyance; effect as to title afterwards acquired.* A bond executed by a vendor of land who has only a certificate of purchase at a tax-sale, conditioned to make a title by quit-claim on payment of the purchase-money, binds him to convey all the equitable interest which he then owns, and prevents him from subsequently acquiring any right or interest in the land through or by virtue of his purchase at the tax-sale; and it is equally effective against any one claiming under him by descent, or a subsequent purchaser with notice.

5. *Adverse possession, as between vendor and purchaser.*—When a purchaser of land enters into possession under an executory contract, holding only a bond conditioned for title on payment of the purchase-money, his possession becomes adverse when he makes full payment of the purchase money; and this adverse possession renders void a conveyance afterwards executed by the vendor to a third person.

6. *Possession as title.*—Bare peaceable possession by an actual occupant, under claim of ownership, is ordinarily sufficient to authorize a recovery against a mere trespasser.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. Emma Flowers against D. W. Jernigan and Thos. Smith, to recover the possession of a tract of land containing eighty acres, with damages for its detention; and was commenced on the 27th November, 1889. The general issue was the only plea, and the trial resulted in a

[Jernigan v. Flowers.]

verdict and judgment for the plaintiff; the defendants reserving numerous exceptions to rulings, which are here assigned as error. The bill of exceptions purports to set out "the substance of all the evidence," and shows the following facts:

The land was sold for unpaid taxes in April, 1876, Geo. O. Roberts becoming the purchaser, and receiving a certificate of purchase from the tax-collector. On the 16th August, 1878, Roberts sold the land to R. O. Flowers, and executed to him a bond for title, conditioned to make him a quit-claim deed on payment of the purchase-money. Said Flowers entered into possession of the land, cleared and cultivated a few acres, and on the 8th December, 1881, conveyed it by quit-claim deed, on the recited consideration of $80 in hand paid, to the plaintiff in this suit, by the name of Emma J. Faussett. He also testified on the trial, as a witness for the plaintiff, that he paid the purchase-money due to Roberts, on or about the day it fell due in December, 1878; that he built a house on the land, cleared a few acres, and cultivated it for a year or two, but was not living on it when he conveyed it to the plaintiff; that the plaintiff then took possession, lived in the house, and cultivated or rented out the lands, until April, 1888, when her tenant was dispossessed by the sheriff, under an execution in favor of defendant Jernigan, issued on a judgment hereinafter mentioned. This was plaintiff's title, and several exceptions were reserved by defendants to rulings on evidence in reference to it.

On the 8th August, 1881, Roberts sold and conveyed his interest in the land, by quit-claim deed, to the defendant Jernigan, and on the 31st March, 1884, transferred to him the certificate of purchase at the tax-collector's sale; and on the same day, March 31st, 1884, as the assignee of the certificate, Jernigan procured a deed from the probate judge of the county. On the title thus acquired, Jernigan brought an action at law against R. O. Flowers, August 18, 1885, and recovered a judgment for the land at the Fall term, 1886; and the plaintiff in this action was dispossessed by the sheriff in April, 1888, under process issued on this judgment. On the trial, the defendants offered in evidence the record of this suit, and excepted to its exclusion by the court. They also offered to prove by the plaintiff herself, on cross-examination, and by said R. O. Flowers, that they were husband and wife at the time he executed the deed to her, and had been living together as husband and wife for several years; and they excepted to the exclusion of this evidence by the court.

The court charged the jury, "among other things, that they could not regard the defendant in any other light than as a

[Jernigan v. Flowers.]

trespasser; to which charge the defendant excepted." Exceptions were also reserved by the defendant to the refusal of the following charges, which were asked in writing: (1) "If the jury believe from the evidence that R. O. Flowers was not in. possession of the land when he conveyed it to plaintiff, then. she can not recover in this action." (2.) "If R. O. Flowers, when he made the deed to plaintiff, had no title to said land except the bond made to him by Geo. P. Roberts, then he had no legal title to the land, and the plaintiff can not recover in this action." (3.) "If the jury believe the evidence, they must find for the defendant. (4.) "If the jury believe from the evidence that R. O. Flowers did not go into possession of the land until August, 1878, and that defendant commenced suit against him for the land in July, 1885, then the statute of limitations was not complete, either as to R. O. Flowers or plaintiff, and defendant would be entitled to recover."

The assignments of error embrace all the rulings excepted to, as above stated, with others.

W. D. ROBERTS, for appellant.

P. N. HICKMAN, contra.

COLEMAN, J.—Appellee brought suit in ejectment to recover certain lands. The rule is that, to recover in this action, plaintiff must rely upon the strength of his title. In August, 1878, Geo. P. Roberts sold to R. O. Flowers the land in controversy, and executed to him a bond to make a quit-claim title upon the payment of the stipulated purchase-money. In August, 1881, Geo. P. Roberts, the same vendor, sold and conveyed by quit-claim deed the same land to the defendants in this suit. The evidence tends to show that R. O. Flowers, the first purchaser, took possession of the land, and complied with the terms of his purchase by the payment of the purchase-money, at the time, or before it was due; but that George P. Roberts died without making him or his vendee a quit-claim deed, as stipulated in the bond for title. On the 8th December, 1881, R. O. Flowers by deed conveyed the land to Emma J. Faussett, who is the same person as Emma Flowers, plaintiff. The evidence tends to show that she went into possession under her purchase, and remained in possession until ousted by the sheriff in April, 1888.

It will be seen from this statement of the facts, that when R. O. Flowers sold and conveyed to plaintiff, he did not have the legal title, but only an equity; and it will be further seen that plaintiff's possession, coupled with that of her vendor,

[Jernigan v. Flowers.]

lacked a few months of completing ten years, the time neces⁻
sary under the statute to perfect a legal title by adverse pos⁻
session.

The defendant offered to prove that R. O. Flowers and
plaintiff were husband and wife at the time he executed the
deed to her, and were living together as husband and wife in
the year 1885, and at the time of the trial of the present suit.
The court refused to permit this proof to be made. This
ruling of the court was clearly erroneous. It is elementary,
that the interest of a witness in the result of a suit may be
shown, and his relationship to the party in whose favor he is
called to testify. It was erroneous for the further reason,
that, if they were man and wife, his deed of conveyance at
the time of its execution did not operate to vest in her more
than an equitable title. Whether the act of February 28th,
1887 (Code, § 2341), had the effect to vest in her the legal
title also as against the defendants, would depend upon the
further fact that no rights had been acquired by the defendant
before the adoption of the act.—*Maxwell v. Grace*, 85 Ala.
579; *Manning v. Pippen*, 86 Ala. 357.

G. R. Flowers, the father of R. O. Flowers, testified that
plaintiff and R. O Flowers "went on said place in the year
1882, or 1883, and *they* stayed on it two or three years." In
view of this testimony, it was competent for the defendant to
introduce the record of the ejectment suit instituted by the
defendants in the year 1885 against R. O. Flowers, and the
recovery in that suit, and delivery of possession of the land
by the sheriff in consequence of the recovery. It was for the
jury to determine from the conflicting testimony whether R.
O. Flowers was in possession of the land, and the character of
his possession, if the proof showed he was in possession at
the time of the institution of the ejectment suit against him.

The facts are not presented in the bill of exceptions as fully
and satisfactorily as desired, but we will lay down the mate-
rial principles of law which appear to bear upon the case.

Geo. P. Roberts, from whom both parties claim, purchased
the land in controversy at a tax-sale. In August, 1878, the
time he executed his bond for title to R. O. Flowers, he had
the tax-collecto⁻'s certificate of purchase, but had not received
the tax-deed. By quit-claim deed in August, 1881, he sold
and conveyed the same land to the defendant Jernigan; and
it was by virtue of the legal title conveyed by this deed and
the tax-deed, Jernigan brought the suit in ejectment in 1885
against R. O. Flowers, and recovered possession of the land.
In August, 1881, when the quit-claim deed was made to Jer-
nigan, the tax-deed had not been executed to any one, and

[Jernigan v. Flowers.]

the bond of Roberts to Flowers to make him a quit-claim deed upon the payment of the purchase-money had been executed in August, 1878, some three years before the sale to Jernigan. The bond of Roberts to R. O. Flowers, in effect, was an agreement to convey all the equitable interest he then owned in the land, and was effectual to prevent the grantor from subsequently acquiring any right or interest in the land through or by virtue of the equitable interest acquired by his purchase at the tax-sale, and which he had sold and agreed to convey to R. O. Flowers. It was equally effective against any who might claim under him by descent, or a subsequent purchaser purchasing with notice of his sale to R. O. Flowers. This principle is sustained by the following authorities : *Smith's Heirs v. Br. Bank at Mobile*, 21 Ala. 134; *Nolen & Thompson v. Gwyn*, 16 Ala. 725 ; *Derrick v. Brown*, 66 Ala. 166–167.

There is no controversy as to the fact that R. O. Flowers went into possession in August, 1878, and that he or his grantee, the plaintiff in this suit, remained in possession continually until dispossessed by the sheriff in April, 1888. The evidence also tends to show that R. O. Flowers complied with his agreement as regards the payment of the purchase-money, and was entitled to receive a quit-claim deed from Roberts, the common vendor of both claimants. Upon the payment of the purchase-money in full, the possession of R. O. Flowers became adverse to that of his vendor; and if fully paid, as the testimony tends to show, before the quit-claim deed to Jernigan was executed, the holding of R. O. Flowers was adverse at the time of its execution. Whatever right R. O. Flowers had acquired, passed to Emma Flowers by his deed of conveyance to her. The assignment of the tax-collector's certificate by Roberts to Jernigan conveyed no greater interest than that held by the assignor.

R. O. Flowers, or his grantee, being in possession under his purchase at the time Jernigan bought the land from Roberts, Jernigan can not be said to have purchased without notice. Whether the superior equity and possession of R. O. Flowers, acquired by his purchase from Roberts, is available to plaintiff in a court of law, or whether her remedy is in a court of equity, depends upon the facts which may be introduced on another trial.

Bare peaceable possession by an actual occupant, under claim of ownership, is ordinarily sufficient to authorize a recovery against a mere trespasser who has no claim or color of title.—38 Ala. 48 ; *Guilmartin v. Wood*, 76 Ala. 211 ; *Childress v. Galloway*, *Ib.* 134 ; *Wilson v. Glenn*, 68 Ala. 386 ;

[Jernigan v. Flowers.]

*Anderson v. Melear*, 66 Ala. 622; *Lucy v. Railroad*, 8 So. Rep. 806; 92 Ala. 246. Whether the proof will show that the suit in ejectment by defendants against R. O. Flowers, and recovery of possession of the land, was, as to Emma Flowers, the plaintiff, *res inter alios acta*, and the dispossession of her by the sheriff a bare trespass, can not be anticipated. We can not say from the evidence that Robert Flowers and plaintiff were man and wife, neither does the evidence disclose the character of the possession of Robert Flowers, if in fact he was in possession, in contemplation of law, when the ejectment suit against him was instituted, or during the time "they stayed together two or three years" on the place, as testified to by one of the witnesses. It is settled law in this State, that a conveyance of lands in the possession of a third person adversely held by him under a *bona fide* claim of ownership is void as against the adverse holder.—*Bernstein v. Humes*, 60 Ala. 582. The jury must determine from the facts in evidence, under proper instructions, whether there was such adverse holding, at the time of the execution of the conveyance by Roberts to Jernigan, as to render the conveyance void.

If the jury find the facts to be, that the land was adversely held when Jernigan purchased and acquired the quit-claim deed from Roberts, and further find, under the rule of law we have declared, that the dispossession of Emma Flowers was a bare trespass, he will not be permitted to defeat a recovery by plaintiff, by setting up the title acquired by his purchase from Roberts, or by showing an outstanding legal title in Roberts. The property, under such proof, being adversely held when the deed to him was executed, the deed was a nullity as to Mrs. Flowers. The necessary link is wanting by which he can connect himself with that title. On the other hand, if the jury find there was no such adverse holding when Jernigan acquired the legal title through his purchase from the common vendor, Roberts, as to render his deed null and void, then, in a court of law, his title must prevail, whatever may be the superior equities or rights of plaintiff in another court.

Reversed and remanded.