# Bernheim & Co. v. Horton.

*Statutory Action of Ejectment.*

1. *Action of ejectment; when failure to deliver deed to original purchaser prevents legal title passing to plaintiff.*—In an action of ejectment plaintiff showed that the original owner of the land sued for deliv-

[Bernheim & Co. v. Horton.]

ered deed thereto to his agent, to be delivered to an intended pur-chaser, that upon the latter failing to buy the land, the agent sold it to another to whom he delivered said deed, on which the intended purchaser indorsed that he transferred it to the purchaser. This deed was recorded, and the purchaser went into possession of said land, and while in possession, claiming it as his own, he mortgaged it to the plaintiff, and afterwards conveyed it by deed to plaintiff in payment of the mortgage debt. *Held:* The plaintiff had no legal title to the land, since the deed to the intended purchaser was not delivered, and his transfer to plaintiff's mortgagor conveyed no title.

2. *Same; not maintainable against one in possession under color of title; when plaintiff relies solely on previous possession.*—When, in an action of ejectment, it is shown that plaintiff has no legal title to the land sued for, but bases the right to recover on his previous pos-session, the action can not be maintained against a person who is in possession, claiming in his own right under color of title.

3. *Same; evidence showing color of title in defendant, admissible when plaintiff relies on previous possession.*—When, in an action of ejectment, it is shown that plaintiff has no legal title to the land sued for, but bases his right to a recovery on his previous possession, it is permis-sible for the defendant to show that he recovered judgment against one of his debtors, on which an execution was issued and was levied upon the land sued for as the property of his said judgment debtor, that at the sale under said execution, he became the purchaser, and held the sheriff's deed to the said land, and that by virtue of such deed he recovered in an action of ejectment against plaintiff's ten-ant, (but to which suit plaintiff was not a party,) said land and was placed in possession thereof by an order of court; such evidence being admissible as tending to show that the defendant was in pos-session of the land sued for under color of title, and not [as a mere trespasser.

4. *Same; when parties estopped from denying the legal title of one through whom they claim.*—Where, in an action of ejectment, both the plaintiff and the defendant trace their title to the same person, each is estopped from denying the validity of the legal title of such per-son; and as between such plaintiff and defendant, the legal title held by one must prevail over the equity owned by the other.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, originally brought by E. B. Horton against James Rose, to recover certain lands specifically described in the complaint. Bernheim & Co., being the landlords of the original de-fendant, Rose, were allowed to come in and defend the suit. The facts of the case are sufficiently stated in the opinion.

[Bernheim & Co. v. Horton.]

Upon the hearing of all the evidence, the court, at the request of the plaintiff in writing, gave the general affirmative charge in his behalf. The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the general affirmative charge as requested by them. There was judgment for the plaintiff. The defendants appeal, and assign as error the rulings of the court upon the evidence, and the giving of the general affirmative charge for the plaintiff, and the refusal to give the charge requested by the defendants.

FARNHAM & CRUM, for appellants.—It is insisted that the facts, as they appear from the record, show that there was a sufficient delivery of the deed from Witter to Bethea. If this was not a delivery, then the legal title to the property is still in said Witter, and appellants are not trespassers under the evidence as shown by this record, and should, therefore, have been permitted to show such superior outstanding title to defeat this action.—Sedgwick on Trial of Title to Land, § 549; Tyler on Ejectment, 564; Code of 1886, § 2708; *Snedecor v. Freeman*, 71 Ala. 140: *Guilmartin v. Wood*, 76 Ala. 204; *Murray v. Hoyle*, 97 Ala. 588.

STALLWORTH & BURNETT, *contra*.—The deed made by Witter to Bethea conveyed no title, because there never was any delivery of the deed to Bethea. It was held by Feagan, the agent of Witter, as an escrow.—*Cherry v. Herring*, 83 Ala. 458.

A recovery on ejectment may be had on proof of prior possession by plaintiff, under color of title.—*Russell v. Erwin*, 38 Ala. 44.

COLEMAN, J.—Appellee, Horton, sued one James Rose in the statutory action of ejectment to recover certain lands, described in the complaint. Bernheim & Co., being the landlord of Rose, came in and defended. Both parties concede the legal title at one time was vested in Robert B. Witter. The plaintiff based his right to recover upon the following facts: Witter, through his agent, Feagan, for a consideration, agreed to sell the land in controversy to one Bethea; and in pursuance of said agreement, in the year 1886, signed a deed of con-

veyance of the land to the said Bethea and delivered the same to Feagan, agent of the vendor, to be delivered to Bethea upon the payment of the purchase money. Bethea declined to comply with his agreement to purchase, and the deed was never delivered to him. Bethea never went into possession of the land, and at no time asserted title or interest in the same. One Rose then proposed to purchase the land at the same price, which proposition was accepted by Feagan. Rose paid Feagan the purchase money, who thereupon delivered the deed to Rose, which purported to convey the land to Bethea. Rose then took the instrument to Bethea and obtained from him an endorsement thereon in the following terms : "Know all men by these presents that we, Goodman Bethea,   *   *   do this day transfer the within deed to William H. Rose." This deed was recorded. Rose went into possession of the land, and while in possession, claiming it as his own, executed a mortgage on the land to the plaintiff, Horton, and subsequently surrendered possession and the land to the mortgagee in payment of the mortgage debt. The settlement between Horton and Rose was not in writing. One Reynolds, by permission of Horton, was permitted to occupy the lands as his tenant. This statement shows plaintiff's entire title, and upon which he recovered. It will be seen that he claims title through Bethea.

The defendants, Bernheim & Co., who were in possession by their tenant, Rose, offered to introduce proof of the following facts, in defense of the action, which were excluded by the court : That they recovered judgment against Bethea, the named grantee in the deed, in the circuit court, upon which execution issued. That the lands were levied upon by the sheriff as the property of Bethea, and, after due notice, were legally sold to Bernheim & Co., and a deed in proper form executed to them by the sheriff. That they brought suit in ejectment against Reynolds, who was in possession, and recovered judgment against him for the lands, and by virtue of a writ of possession were put in possession of the same, and were holding and claiming them as their own at the time of the institution of the present action. Horton, the landlord of Reynolds, was not made a party to the ejectment suit against his tenant, Reynolds. The defendants also claim title through Bethea. There are

but two or three propositions of law involved in the case.

We think it clear that neither the plaintiff nor the defendants hold the legal title, and that it yet remains vested in Witter. No title passed to Bethea, for the deed from Witter was never delivered to him, and consequently none was sold by the sheriff; and certainly the legal title did not pass to Rose by the deed to Bethea, or by a mere transfer by Bethea to Rose. Plaintiff also claimed the right to recover on previous possession. An equitable title will not support the action of ejectment.—*Hollingsworth v. Walker*, 98 Ala. 543. The general rule is, that in ejectment, plaintiff must recover on strength of his legal title, and not on the weakness of his adversary's title. To this general rule there is an exception, that prior possession is sufficient to sustain the action against a mere trespasser, but this exception does not extend as against a person in possession, claiming in his own right under color of title.—*Snedecor v. Freeman*, 71 Ala. 140; *Guilmartin v. Wood*, 76 Ala. 204; *Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala. 246; *Stephenson v. Reeves*, 92 Ala. 582; *Jernigan v. Flowers*, 94 Ala. 508.

We are of opinion that if the evidence offered by Bernheim & Co. had been admitted, its tendency was to show that their possession was under color of title and claim, and that they were not mere trespassers. It was offered for this purpose, so that they might set up the outstanding legal title in Witter.—Authorities *supra*.

The judgment against Bethea, and the judgment in the ejectment suit against Reynolds, to which Horton was not a party, could not be legal evidence against Horton, as affecting his title, unless he was a party.—*Hawes v. Rucker*, 94 Ala. 168. But when the plaintiff relied, not upon a legal title to recover, but simply upon his previous possession, which alone does not authorize a recovery in ejectment except as against a bare trespasser, having no claim under color of title, the defendant may show, if he can, by legal evidence the character of his possession and under what right obtained. No definition of "color of title" can be given which will cover all cases, but we are clear in the proposition that a person who holds a sheriff's deed to land, in all respects in due form and regular upon its face, and by virtue of such a deed recovers in ejectment the land from one in possession,

and is placed in possession by an order of court having jurisdiction of the persons and subject matter, has color of title, and can not be said to be a bare trespasser.— *Murray v. Hoyle*, 97 Ala. 588; Sedgwick & Wait on Trial of Title to Land, § 780.

This decision might be placed upon another principle. In ejectment the legal title must prevail over an equity. As between Horton and Bernheim & Co., both of whom claim through Bethea, the one by his mere endorsement of the deed to Rose, the other, by sheriff's deed under execution sale, both are estopped from denying the validity of the legal title of Bethea in this action.—*Pollard v. Cocke*, 19 Ala. 188 ; *Smoot v. Lecatt*, 1 Stew. 590 ; *Sullivan v. McLaughlin*, 99 Ala. 60.

Bethea holding the legal title, as between Horton and Bernheim, it was subject to levy and sale under execution. This title Bernheim & Co. acquired by their purchase, and the sheriff's deed. In a court of law it must prevail over any equity acquired by the purchase of Rose, and the mere transfer of the deed of Witter by Bethea to Rose.

The court erred in not admitting evidence of the judgment against Bethea, execution and sale of the land, and sheriff's deed to Bernheim & Co.

For the errors pointed out the case must be reversed. Reversed and remanded.