[Dodge v. Irvington Land Co.]

# Dodge *v.* Irvington Land Company.

*Ejectment.*

(Decided July 3, 1908.   Rehearing denied Jan. 14, 1909.
48 South. 383.)

1. *Appeal and Error; Review; Finding of Fact.*—The finding of the court on issue of fact in a case tried without a jury is of the same weight as a verdict.

2. *Ejectment; Recovery on Proof of Possession.*—Plaintiff's prior possession being prima facie evidence of title, and no presumption being indulged that title is in United States or another, on proof of actual possession of the land by plaintiff under color of title, when the defendant entered, and prior actual possession by plaintiff's grantor, plaintiff is entitled to recover in statutory ejectment against one who shows no title in himself, nor superior outstanding title in a third person, notwithstanding the defendant had color of title and title to the land was originally in the government.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Ejectment by the Irvington Land Company, a corporation, against R. M. Dodge.   Judgment for plaintiff and defendant appeals.   Affirmed

The land sued for was the N. W. ¼ and the W. ½ of the N. E. ¼ of section 27, township 6, range 3.   The defendant admitted plaintiff's right under the evidence to recover the W. ½ of the N. E. ¼, and as to the other land he interposed the plea of not guilty.   Plaintiff's evidence showed that Bradford had a residence on the W. ½ of the N. W. ¼ and occupied it from 1868 to 1873, under claim of ownership; that Bailey had a residence on the E. ½ of the N. W. ¼, and occupied it from 1868 to 1873, claiming to own the land; that the parties whose names are signed to the deed to C. C. Meacham, of date July 3, 1901, were the widow and all the heirs at law of said Bailey.   Plaintiff then offered the deed from G. C. Mars to plaintiff of date Ne. 10, 1905, describing

the land, which deed appears to have been duly executed and recorded. Plaintiff then introduced a witness who swore that he had known the property about seven years, and that there were ruins of houses upon the W. ½ of the N. W. ¼ , and also upon the E. ½ of the N. W. ¼, and described what constituted the ruins; that there were no signs of cultivation, except an old clearing near the center of the N. W. ¼, and that the only act of possession since he had known the place, was the sale of wood by Andrews as the agent of Mars, and the cutting of wood on the land and its removal by defendant. That the witness was a surveyor and ran the lines about the lands described in the complaint, for one F. P. Andrews in September or October, when said Andrews leased the property described from said Mars for turpentine purposes, and that under the lease Andrews entered upon the land, and boxed the pine timber over the whole of said land suitable for turpentine purposes, and worked it as a turpentine orchard until the storm of September 27, 1906, blew down all of the timber. Plaintiff then introduced in evidence the lease from Mars to Frank P. Andrews for the pine timber. Plaintiff then introduced a warranty deed of date Nov. 10, 1903, from E. R. Tillinghast and wife to said Mars, also a deed from Chidester and husband, and C. C. Meacham and wife, to Tillinghast, of date March 26, 1902. Also a quit claim deed from Bradford and wife to Meacham of the W. ½ of the N. W. ¼; also a deed from Bailey and others as the sole heirs of J. F. Bailey to C. C. Meacham, of date July 30, 1901. All of these deeds seem to have been properly acknowledged and recorded. Plaintiff then introduced a certified copy of the patent from the United States to J. F. Bailey, of date June 30, 1875, duly executed and recorded in the United States general land office, and conveying the W. ½ of the N. E. ¼ of

[Dodge v. Irvington Land Company.]

section 26. Plaintiff then introduced a witness who testified that he knew Bradford, and that he lived on the land owned by him from 1868 to 1873, and that he knew Bailey who also lived on the land claimed by him. The defendant moved to exclude all of the plaintiff's evidence in so far as it related to the N. W. ¼ of section 27, described in the complaint, on the ground that plaintiff had not made out a prima facie case entitled him to recover for that particular land. Defendant then introduced the act of the Legislature of Alabama, approved Oct. 10, 1903, as contained in General Acts 1903, page 495, granting to the trustees of the Alabama Insane Hospital the lands known as the swamp and overflow lands, etc. He then offered in evidence a quit claim deed, reciting said act, and a consideration of $129.72, paid by him to the Alabama Insane Hospital, quit claiming and releasing to defendant by the said Hospital the W. ½ of section 27, which deed was duly executed and delivered May 18, 1907, and recorded September 7, 1907. Then follows the defendant's testimony of going into possession of said land under said deed in August 1907, and his continuous possession of the same since then. At the conclusion of the testimony the court without the intervention of a jury rendered a verdict for plaintiff for all of the lands sued for.

SULLIVAN & STALLWORTH, and GUNTER & GUNTER, for appellant. "The general rule is, that in ejectment, plaintiff must recover on strength of his legal title, and not on the weakness of his adversary's title. To this general rule there is an exception, that prior possession is sufficient to sustain the action against a mere trespasser, but this exception does not extend as against a person in possession, claiming in his own right under color of title.—*Snedecor v. Freeman*, 71 Ala. 140; *Guilmartin*

[Dodge v. Irvington Land Company.]

*v. Wood,* 76 Ala. 204; *Lucy v. Tenn. & Coosa R. R. Co.,* 92 Ala. 246; *Setphenson v. Reeves,* 92 Ala. 582; *Jernigan v. Flowers,* 94 Ala. 508; *Bernheimer v. Horton,* 103 Ala. 380. In ejectment, or the statutory action in nature of ejectment, if the defendant entered under the plaintiff, or if he is a mere trespasser on the plaintiff's prior possession, he cannot defeat a recovery by showing an outstanding title in a third person; but, in all other cases, his possession will defeat a recovery by any other person than the true owner, and he may show the outstanding title of the true owner."—*Guilmartin v. Wood, supra.* See, also, *Lucy v. T. & C. Co.,* 92 Ala. 246; *Stephenson v. Reeves,* 92 Ala. 582; *Jernigan v. Flowers,* 94 Ala. 512; *Hallett v. Eslava,* 2 Stew. 115; *Russell v. Irwin,* 38 Ala. 44; *Smoot v. Lecatt,* 1 Stew. 590; *Eakin v. Brewer,* 60 Ala. 579; *Dothard v. Denson,* 72 Ala. 544; *Crosby v. Pridgen,* 76 Ala. 385; *Green v. Jordan,* 83 Ala. 220; *Ware v. Dewberry,* 84 Ala. 568; *L. & N. R. R. Co. v. Philyaw,* 88 Ala. 264-7; See particularly the case of *Sabariego v. Maverick,* 124 U. S. 297.

ERVIN & McALEER, for appellee. There was no evidence offered to show that the lands were swamp or overflow lands, or that the government had ever granted them to the state.—*Henry v. Brannan,* 42 South. 995.

Possession of land raises a presumption of title.— *Mickle v. Montgomery,* 111 Ala. 421. The plaintiff may recover against a junior possession on proof of prior possession under color of title.—*Russell v. Erwin,* 38 Ala. 47; *Strange & White v. King,* 84 Ala. 213; *Bradshaw v. Emery,* 65 Ala. 210. It is not necessary for plaintiffs prior possession to have continued to the entry by. defendant so as to make such entry by the defendant a dissiesin.—*L. & N. R. R. Co. v. Philyaw,* 88

[Dodge v. Irvington Land Company.]

Ala. 269. If defendant who enters under color of title fails to prove an outstanding title he gets nothing.—*Stevenson v. Reeves,* 92 Ala. 582.

TYSON, C. J.—This case was tried by the judge without the intervention of a jury. The determination of all issues of fact was therefore submitted to him, and his finding upon those issues is entitled to the same consideration as that of a verdict of a jury. Under the testimony it was open for the court to find that plaintiff was in the actual peaceable possession of the lands in controversy at the time the defendant entered thereon; no abandonment of the possession of them being shown. —*Brand v. U. S. Car Co.,* 128 Ala. 579, 30 South. 60; *Goodson v. Brothers,* 111 Ala. 589, 20 South. 443. So then, the single question presented by this record is whether the trial judge was authorized to render judgment for plaintiff, upon proof of prior actual possession under color of title and proof of prior actual possession by its grantor, against the defendant, who showed no title in himself, nor superior outstanding title in a third person, but whose entry and occupancy was under color of title.

We do not regard the question as an open one in this jurisdiction. The plaintiff's right to recover is founded upon the principle that "possession of lands is prima facie evidence of title, and is sufficient evidence against all who do not show a prior possession or a better title." —*Mickle v. Montgomery,* 111 Ala. 421, 20 South. 441; *Adams v. Frampton,* 9 Ala. 124; *McCall v. Prior,* 17 Ala. 533; *Cox v. Davis,* Id. 714, 52 Am. Dec. 199; *Russell v. Irwin, Adm'r,* 38 Ala. 44; *Anderson v. Melear,* 56 Ala. 623; *Mills v. Clayton,* 73 Ala. 359; *Strange v. King,* 84 Ala. 212, 4 South. 600; *Stephenson v. Reeves,* 92 Ala. 582, 8 South. 695; *Bradshaw v. Emory,* 65 Ala. 208;

[Dodge v. Irvington Land Company.]

*Crosby v. Pridgen,* 76 Ala. 387; *Wilson v. Glenn,* 68 Ala. 383; *Steele v. Brown,* 70 Ala. 235, 237; *Reddick v. Long,* 124 Ala. 260, 27 South. 402; *Campbell v. Bates,* 143 Ala. 345, 39 South. 144. This principle in no wise contravenes the doctrine that the plaintiff in ejectment must recover, if at all, upon the strength of his own title, and not on the mere weakness of that of his adversary. It simply accords to his possession, as evidence, a presumption of title. which must be rebutted or overcome by his adversary; and this his adversary may do, if not a bare trespasser and he has not the legal title, by showing his antecedent actual possession, or an outstanding title in a third party, or that plaintiff's title was subordinate or permissive, or that the action is barred by the statute of limitations.

If this were not the rule, the plaintiff in every case—except, perhaps, where the contesting parties derive their respective claims to title from a common source, or where no element of estoppel exists—in order to recover, would be forced to trace his title to the government, or to establish an adverse possession for a sufficient length of time to ripen into a title, as against an adversary who has no shadow of title, except the color of title under which he wrongfully entered and dispossessed the plaintiff. Such a rule would strike down the doctrine of presumptive title, generally indulged, founded upon proof of possession of the property in controversy, be it real or personal. And surely the fact that title to lands in this state was originally held by the United States government will not authorize the striking down of this principle, to the end of indulging the presumption, in favor of one having no title, that the outstanding title is still in the government. Why not presume, in support of plaintiff's prima facie rightful possession, that it acquired the government's title,

rather than, in favor of a trespasser, that the government has never parted with it? Indeed, that such a presumption will be indulged in favor of the plaintiff, rather than the one, invoked by the defendant, that the title is still outstanding in the government, has been too long settled to be now debatable.—*Smoot v. Lecatt,* 1 Stew. 590, 600. While this principle has not, perhaps, been announced in this language, the many decisions of this court, permitting a recovery by a plaintiff upon proof of prior actual possession where no better title was shown in either party (conceding that in this action the question of legal title is always involved), cannot be sustained upon any other theory. This presumption is, of course, a rebutable one, and may be overcome by proof of title in the government, or in some person other than the plaintiff. If this were not true, then there would be no room for the application of the principle of presumptive title predicated upon actual possession.

If the title is still outstanding in the government, as is insisted, proof of that fact is not difficult. But, however difficult of proof it may be, this would not afford a good reason for a departure from the principle so clearly and accurately stated by one of the ablest Chief Justices of this court in this language: As to an *intruder or trespesser, or as to one who does not show a better right, possession of lands, like the possession of personal property, is prima facie evidence of title, and will support ejectment."* (Italicts supplied.) *Dothard v. Denson,* 72 Ala. 544. A trespasser under color of title is entitled to no more consideration than any other wrongdoer; and it cannot be regarded a bardship to require of him to acquit himself of the imputation of wrongful entry upon lands in the possession another, when that occupancy is of such character as to carry with it the presumption of ownership. Indeed, the only

7—8

distinction recognized by our decisions between the right of defense of a bare, naked trespasser, and that of a trespasser under color of title, is that the former is not permitted to show an outstanding title in a third person in order to defeat the plaintiff's recovery, while the latter is accorded that right of defense, without connecting himself with such outstanding title.

After a careful research we have been unable to find any case in this state which holds to the contrary of the views we have announced. It is true that in *Berheim v. Horton*, 103 Ala. 384, 15 South. 823, this language is used. "The general rule is that in ejectment plaintiff must recover on the strength of his legal title, and not on the weakness of his adversary's title. To this general rule there is an exception, that prior possession is sufficient to sustain the action against a mere trespasser; but this exception does not extend as against a person in possession, claiming in his own right under color of title." In support of this proposition the cases of *Snedecor v. Freeman*, 71 Ala. 140, *Guilmartin v. Wood*, 76 Ala. 204; *Lucy v. Tennessee & Coosa R. R. Co.*, 92 Ala. 246, 8 South. 806, *Stephenson v. Reeves*, 92 Ala. 582, 8 South. 695, and *Jernigan v. Flowers*, 94 Ala. 508, 10 South. 437, are cited. An examination of these cases will show that they assert no more than the proposition laid down by us, and that they do not go to the extent of holding, or even of intimating, the existence of the limitation as asserted in the latter part of the quotation above. Indeed, this limitation upon what is denominated as an exception in the quotation was never before recognized by this court, not has it ever been since recognized. Besides, if it is not wholly unsound upon principle, it is clearly misleading, and has never been applied by this court as determinative of any of the numerous cases reviewed by it. An entry and dis-

[Dodge v. Irvington Land Company.]

possession by one who has no more than color of title is just as much a trespass, unless he shows an outstanding title in another, as would be the entry of a bare, naked intruder or trespasser. Furthermore, the doctrine asserted was dictum, and did not control the decision of the case, as will be readily seen by a reading of the opinion.

It has always been our understanding of the law in this jurisdiction that a plaintiff in ejectment makes out a prima facie case, entitling him to recover, upon proof of his possession under a conveyance from a grantor shown to be in possession when the conveyance was executed. When these facts are proven, the burden is then cast upon the defendant to show title in himself or in some third person. Indeed, this seems to be the doctrine very generally accepted by the courts of this country.

In this case the plaintiff was entitled to recover unless its presumptive title was overcome by proof of title in defendant or in some third party. No such proof was offered. Therefore the prima facie case made by plaintiff must prevail.—15 Cyc. pp. 30, 31, 32, and cases collected in note; note to *Plume v. Seward*, 60 Am. Dec. 601, and cases there cited.

Affirmed.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur.

DENSON, J.—(dissenting). I am unable to agree with the majority opinion, and the questions involved being of great importance, from their constant recurrence in litigation respecting land, I think it proper that I should express my dissenting views.

The action is statutory ejectment by the plaintiff (appellee) to recover of the defendant (appellant) two distinct subdivisions of land. The defendant conceded

[Dodge v. Irvington Land Company.]

the plaintiff was entitled to recover as to one of the sub-division, and contested its right of recovery to only one of the subdivisions. It is only to that subdivision, the title to which was contested, this opinion has application. The plaintiff showed no paper title derived from the government; nor, first showing that the title had passed out of the government, so that adverse possession could operate to create title, did it prove adverse holding for 10 years. It only showed a prior possession to that of defendant, who in turn proved that he entered under claim and color of title when the premises were vacant. Pointing out that it was government land, of which the court takes judicial notice, and that there was no proof that it had ever parted with its right, the appellant insisted in the court below, and here insists, that appellee must recover on the strength of his own title, and that none had been shown, but, on the contrary, that the proof showed a perfect outstanding title behind which he could take shelter, through not connecting himself with it; and, this upon the idea that, the title being once shown to be in the government, the presumption is that it so remains, nothing appearing to the contrary. I think the position of the defendant (appellant) is unassailable, and that the ruling to the contrary is unsupported by principle or the authority of any well-considered case where the point was directly involved and discussed.

Discussing the point at issue first on principle, I have never heard that the maxim "nullum tempus occurrit regi" had been abrogated. The majority opinion, however according to my view, treats it as no longer of force in our jurisprudence, since if it existed, under the proof in this case, it was impossible for the appellee's mere prior possession even to assume an adverse character, or to become the basis for the recovery of the land except against a mere trespasser. It has always

been accepted as a truism in the law of real property that when there is no pedis possio the possession is referred to the title and the true owner is in possession.—*L. & N. R. R. Co. v. Philyaw*, 88 Ala. 268, 6 South. 837. This, rule, however, has no need to be invoked as to the government, because there can be no possession hostile to it, and therefore, whatever may be the ostensible character of an occupancy of its land, it is by the force of law merely permissive and in subordination to the true title. However, since the existence of society itself requires that all actual possessions, whether of real or personal property, shall not be wantonly or rudely interferred with—that is, without authority of law—it is held that one in the actual possession of property, which he has not abandoned, may recover against a bare trespasser. But the same necessity of preserving the status quo against bare trespassers involves and carries with it the rule that a possession gained without—that is, taken while vacant under claim and color of right—force cannot itself be displaced without title.

It is actual possession which is always presumed to be right, and, nothing appearing to the contrary, to evidence title against all force and bare trespassers. Therefore an occupier of government land or a tenant may recover on a prior possession alone, without proof of other right, against a bare trespasser. But, when one enters on vacant premises under color and claim of right, his possession, on the same general principle of public policy, is entitled to protection against intrusions not founded on title. How, and on what principle, can one so entering and holding be ousted except by title? And how can there be title against the government, or one holding possession of its land permissively, excepting by grant shown? The mere prior possession of such land discloses no title whatever. but only a permissive pos-

session during its actual existence, and, it having termi-
nated, the entry by the defendant on the vacant premises
under claim and color of right gives him presumptively
a permissive possession as to the true owner (the govern-
ment), and therefore a clear right to hold against a
mere trespasser, or a prior possessor whose right is not
shown to have been more than a permissive occupancy,
which has terminated.

The whole law in this view is based on public policy,
founded on reasonable presumption. Wrong is not pre-
sumed without warrant; hence actual possession is held
to evidence ownership in fact, or a permissive holding
under true title, and is, therefore, to be protected from
bare trespassers without more. But presumption of
title from possession can never be indulged until the
title is shown to be such that it is reasonable to indulge
the presumption, which can never be against govern-
ment land until it has parted with its title. Hence it
is that careful lawyers, when adverse or prior possession
is relied on for a resocery, except as against bare tres-
passers, first show that the government has patented
the land, so that presumption of title from possession
may be indulged, as was done in the case of *Wilson v.
Glenn*, 68 Ala. 383-385. On principle, then, I think it
is clear that the mere permissive prior possession of the
plaintiff below was no warrant for ousting the defend-
ant from his permissive actual possession under claim
and color of right at the bringing of the suit, and that
the defendant's shelter behind the outstanding title of
the government was a perfect defense. The plaintiff ex-
hibited no strength of title of its own to recover on
against him.

Now, turning to the authorities, the first of our cases
that I refer to is *Hallett v. Eslava*, 2 Stew. 115, as clear-
ly stating the law as above expressed. It is there said:

"The presumption (of title) which it (possession) creates may be destroyed in various ways, by showing that the title was not with the possession, as that possession was permitted, or that it was held against the consent of the person in whom the title is." And under this ruling it was held that the defendant could defend "behind the title in the heirs of Farmer." In the instant case we take judicial notice that the title was in the United States.—*Lewis v. Harris,* 31 Ala. 689; 1 Elliott on Evidence, § 48 et seq. And it not being shown that the government had parted with its title, the presumption is that the title remained with the government. It is said there is no exception to this presumption of continuance of title.—1 Rice on Evidence, 66; 1 Elliott on Evidence, § 109; 1 Greenleaf on Evidence, §§ 41, 42; 4 Wigmore on Evidence, § 2530. The appellant, then, under the doctrine that there can be no hostile possession against the government, which I insist is still the law, showed "that the title was not with the possession," and thus destroyed the presumption of title from prior possession, according to the very words of the case of *Hallett v. Eslava, supra.*

Coming to *Wilson v. Glenn,* 68 Ala. 383, it will be found, when that case is well understood, that, approving the case in 2 Stew. 115, it again expresses the law as I insist it is. It is there said the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's; that prior possession creates a presumption of title, which can only be rebutted by showing title in the defendant, or that plaintiff's title was subordinate or permissive, or is barred by limitations, or by showing an outstanding title in a third person; but that a bare trespasser cannot plead this last defense without showing possession under such title. It would seem that here is the law, and we have only to

apply it here as applied there. In that case the defendant showed a patent of the land by the government to a third party, and he requested the court to instruct the jury that the patent was an outstanding title, and a good defense. The court refused the request, and this court justified the ruling only and exclusively on the ground that there was evidence that the defendant was a bare trespasser, and therefore could not put the plaintiff to proof of title beyond possession.

The only caution to be observed in applying the doctrine of the principles of law in that case, as in all others, is that the language must be restricted to the case before the court, and therefore it cannot be inferred that there was any intention to hold that possession raised a presumption of title against the sovereign. And surely, if the patent in that case shown to have been issued was an outstanding title, the title in the government in the case in judgment was an outstanding title, which, in the language in the case of *Hallett v. Eslava, supra*, "Destroyed" the presumption of title from mere prior possession, and enabled defendant to "defend behind it." The principles of these two cases are confirmed and approved in a great number of cases in this jurisdiction, many of which are cited and quoted in the brief of counsel, and there is not, in my humble opinion, a case disputing their authority. I will indulge in quotations from a few of them.

In *Guilmartin v. Wood*, 76 Ala. 204, there is this headnote: "(6) When Defendant May Show Outstanding Title. In ejectment, or the statutory action in the nature of ejectment, if the defendant entered under the plaintiff, or if he is a mere trespasser on the plaintiff's prior possession, he cannot defeat a recovery by showing an outstanding title in a third person; but in

all cases his possession will defeat a recovery by any other person than the true owner, and he may show the outstanding title of the true owner."

In *Gist v. Beaumont*, 104 Ala. 347-355, 16 South. 20, 21, we said: "Against the possession of a mere trespasser, plaintiff's prior actual possession, if he had such, will prevail. On the other hand, if the plaintiff was not in the actual possession at the time the defendant took possession under the quitclaim deed, * * * then he (defendant) was not a naked trespasser, so far as the plaintiff's rights are concerned, and under these circumstances the plaintiff could not recover on prior possession \alone. * * * The plaintiff not having the legal title, it required actual possession of the lot by him to render the entry by the defendant a trespass."

Again, in *Bernheim v. Horton*, 103 Ala. 380, 15 South. 822, we said: "The general rule is that in ejectmeent the plaintiff must recover on the strength of his legal title, and not on the weakness of his adversary's title. To this general rule there is an exception, that prior possession is sufficient to maintain the action against a mere trespasser; but this exception does not extend as against a person in possession, claiming in his own right under color of title.—*Snedecor v. Freeman*, 71 Ala. 140; *Guilmartin v. Wood*, 76 Ala. 204; *Lucy v. Tenn. & Coosa R. R. Co.*, 92 Ala. 246, 8 South. 806; *Stephenson v. Reeves*, 92 Ala. 582, 8 South. 695; *Jernigan v. Flowers*, 94 Ala. 508, 10 South 437. We are of the opinion that, if the evidence offered by Bernheim & Co., had been admitted, its tendency was to show that this possession was under color of title and claim, and that they were not mere trespassers. It was offered for this purpose, so that they might set up the outstanding legal title in Witter."

These quotations are supported by a number of decisions of this court:—*Hallett v. Eslava,* 2 Stew. 115; *Smoot v. Lecatt,* 1 Stew. 590; *Eakin v. Brewer,* 60 Ala. 579; *Russell v. Irwin,* 38 Ala. 44; *Dothard v. Denson,* 72 Ala. 544; *Crosby v. Pridgen,* 76 Ala. 385; *Green v. Jordan,* 83 Ala. 220, 3 South. 513, 3 Am. St. Rep. 711; *Ware v. Dewberry,* 84 Ala. 568, 4 South. 404; *L. & N. R. R. v. Philyaw,* 88 Ala. 264, 167, 6 South. 837; *Stephenson v. Reeves,* 92 Ala. 582, 8 South. 695. According to my view, our cases, when properly understood, are uniform to the conclusion that bare prior possession is title against a mere trespasser, but not against one under claim and color of title.—In *Bernheim v. Horton,* 103 Ala. 384, 15 South. 823, the express words of the court are: "Previous possession * * * does not authorize a recovery in ejectment, except as against a bare trespasser." The case of *Alexander v. Savage,* 90 Ala. 383, 8 South. 93, is also a case directly in point, for we there held that, the defendant not having been shown to be a bare trespasser, the question was purely one of title.

This rule of our court is fully supported by the decisions of the Supreme Court of the United States.—In *Christy v. Scott,* 14 How. 292, 14 L. Ed. 422, it is said: "He shows no title whatever in himself. But a mere intruder cannot enter on a person actually seised, and eject him, and then question his title, or set up an outstanding title in another. The maxim that a plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's, is applicable to all actions for the recovery of property. But, if the plaintiff had actual prior possession of the land, this is strong enough to enable him to recover it from a mere trespasser, who entered without any title."—In *Sabariego v. Mauerick,* 124 U. S. 297, 8 Sup. Ct. 480, 31 L. Ed. 430,

[Dodge v. Irvington Land Company.]

the court said: "This rule is founded upon the presumption that every possession peaceably acquired is lawful, and is sustained by the policy of protecting the public peace against violence and disorder. But, as it is intended to prevent and redress trespasses and wrongs, it is limited to cases where the defendants are trespassers and wrongdoers. It is, therefore, qualified in its application by the circumstances which constitute the origin of the adverse possession and the character of the claim on which it is dependent. It does not extend to cases where the defendant has acquired the possession peaceably and in good faith, under color of title.—*Lessee of Fowler v. Whiteman,* 2 Ohio St. 270; *Drew v. Swift,* 46 N. Y. 204. * * * It therefore appears that prior possession is sufficient to entitle a party to recover in an action of ejectment only against a mere intruder or wrongdoer, or a person subsequently entering without right." And in *Haws v. Victoria,* 169 U. S. 316, 16 Sup. Ct. 287, 40 L. Ed. 436, it is said: "The elementary rule is that one must recover on the strength of his own and not on the weakness of the title of his adversary; but this principle is subject to the qualification that possession alone is adequate as against a mere intruder or trespasser, without even color of title, and especially so against one who has taken possession by force and violence. This exception is based upon the most obvious conception of justice and good conscience. It proceeds upon the theory that a mere intruder and trespasser cannot make his wrongdoing successful by asserting a flaw in the title of the one against whom the wrong has been by him committed." So, also, in *Burt v. Panjaud,* 99 U. S. 180, 182, 25 L. Ed. 451, it was said by Mr. Justice Miller, expressing the opinion of the court: "In ejectment, or trespass quare clausum fregit, actual possession of the land by the plaintiff, or his receipt of rent

therefor prior to his eviction, is prima facie evidence of title, on which he can recover against a mere trespasser. The same principle was enforced in *Campbell v. Rankin*, 99 U. S. 261, 262, 25 L. Ed. 435, and application of it to various conditions of fact is shown in *Atherton v. Fowler*, 96 U. S. 279-287, 26 L. Ed. 735, and *Glacier Mining Co. v. Willis*, 127 U. S. 471, 481, 8 Sup. Ct. 1217, 32 L. Ed. 172."

The majority opinion, in antagonism to the many well-considered earlier and later decisions cited to support this dissent, relies in part on the opinion in *Anderson v. Melear*, 56 Ala. 621, in which, according to my view and understanding, no question here involved was discussed, or, as far as the record shows, involved. If the great judge delivering that opinion had considered any point now before us, and left his plainly expressed views, there would be reason to pause and consider well before adopting with confidence an argument apposed to them. But general expressions, having a wider sweep than necessary for the case under consideration, should not be accepted as the judgment of the court. That opinion, if its words are to be taken without limitation, would permit a bare trespasser to defend under a superior outstanding title, which no one can doubt is wrong. It does not appear that any question about an outstanding title was raised in that case. It was not shown that the title did not rest with the prior possession, as here, or that Carlton's possession was under color of title. Judge Stone and this court then can no more be held, from the general expression in that case, to have decided that a defendant in under color and claim of title on a vacant possession could not put plaintiff to proof of title, as was held by this court in *Alexander v. Savage*, 90 Ala. 383, 8 South. 93, and *L. & N. R. R. v. Philyaw*, 88 Ala.

264, 6 South. 837, and in many other cases, than it can be said he and this court held that a bare trespasser could put the plaintiff to proof of title more than a prior possession, as we have often held he could not do.

That there are other cases in Alabama which, if general words are construed beyond the case before the court, give color to the decision of the majority, may be admitted; but, when subject to close examination, it will be found that not one disputes the authority or principles of any of the cases I have cited. What is said in each one is justified, as pointed out in the brief of appellant's counsel, by the circumstances of the particular case, without calling in question the rule, established by the authorities I have referred to, that "prior possession is sufficient to entitle a party to recover in an action of ejectment only against a mere intruder or wrongdoer."—*Sabariego v. Maverick,* 124 U. S. 261, 8 Sup. Ct. 461, 31 L. Ed. 430; *Bernhein v. Horton,* 103 Ala. 384, 15 South. 822; *L. & N. R. R. v. Philyaw,* 88 Ala. 264, 6 South. 837; *Alexander v. Savage,* 90 Ala. 383, 8 South. 93.

In my opinion, the judgment of the trial court should be reversed.

McClellan, J.—I concur in the views, in dissent, of Denson, J.

