# Holder, *et al. v.* Bain.

## *Ejectment.*

(Decided January 22, 1914.   64 South. 292.)

*Ejectment; Color of Title; Recovery.*—Plaintiff in ejectment claiming title by deed from one who is claimed to have inherited the property from L. is not entitled to recover as against persons merely shown to be in possession; it not being shown that he ever had possession, and it not appearing that L. ever had it, or claimed title or possession, or that plaintiff's grantor ever had title or possession.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by W. N. Bain against Emaline Holder and others.   From a directed judgment for plaintiff, defendants appeal.   Reversed and remanded.

TALLEY & FRICKS, for appellant.   No brief reached the Reporter.

STREET & ISBELL, and VIRGIL BOULDIN, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The plaintiff in ejectment claims title by deed from Mary Newman, who, it is claimed, inherited the property in suit from her father,   one Lollis.

It does not appear that Lollis ever had any title to or possession of the land, nor indeed that he ever even claimed it.   Nor does it appear that Mary Newman ever had title or possession.   Plaintiff concedes that he himself has never had possession, and it is shown without dispute that defendants have had possession for 10 or 12 years.

On this evidence the trial court should have given the general affirmative charge for defendants as requested

[Jordan v. Smith.]

by them, and not for plaintiff, as was actually done. —*Gist v. Beaumont,* 104 Ala. 347, 16 South. 20; *Jackson Lumber Co. v. McCreary,* 137 Ala. 278, 34 South. 850; *Dodge v. Irvington Land Co.,* 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; *Fleatcher v. Riley,* 169 Ala. 433, 53 South. 816.

For the errors of the trial court in these particulars, the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.